SIPE et al. v. COPWELL.

(Circuit Court of Appeals, Sixth Circuit. January 2, 1894.)

No. 82.

JUDGMENTS—COLLATERAL ATTACK—STATE AND FEDERAL COURTS.
 A decision by a state court, sustaining personal service while defendants were attending court as parties, is binding on the federal courts, and the judgment founded upon it cannot be collaterally attacked therein on the ground that such service was void. 51 Fed. 667, affirmed.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

This was an action by Roger F. Copwell against John F. Sipe and Carl C. Sigler on a judgment in favor of the plaintiff, Copwell, against the defendants, Sipe and Sigler, rendered by the supreme court of Rhode Island. A demurrer to the answer was sustained. 51 Fed. 667. A judgment having been rendered for the plaintiff in default of further defense, the defendants bring error.

Ong & Hamilton, for plaintiffs in error.

Hutchins & Campbell, for defendant in error.

Before LURTON, Circuit Judge, and BARR and SEVERENS, District Judges.

LURTON, Circuit Judge. This is a suit upon a judgment rendered by the supreme court of Rhode Island against the appellants, Sipe and Sigler, and in favor of the appellee, Copwell. 23 Atl. 14. The defense interposed by the answer was that the judgment was void because jurisdiction was obtained by the service of process upon the defendants thereto when they were in attendance upon the supreme court of Rhode Island, as parties defendant to a suit then pending for trial. A demurrer to the answer was sustained, (51 Fed. 667,) and judgment rendered for the plaintiff in default of further defense. The judgment of the circuit court upon the demurrer filed by the appellants is now assigned as error.

Is the judgment of the Rhode Island court void? We think it is not. That court had jurisdiction of the subject-matter. This is not contested. It had jurisdiction of the defendants by personal service of the writ of summons. The defendants pleaded in abatement the circumstances under which they had been summoned, and insisted that they were exempt from summons while in attendance as parties to another suit then and there pending against them in the same court. This presented an issue for adjudication. It was decided adversely to the contention then and now urged by appellants. The determination of that question was clearly within the jurisdiction of the Rhode Island court. Its solution depended upon the statute or common law of that state. It decided that the Rhode Island statute, exempting witnesses from arrest or summons while in attendance as witnesses, did not apply to any other than witnesses. It further decided that there was nothing in the public policy of that state which exempted parties to pending suits from service of process in new suits.

Whether these questions were rightly or wrongly decided is a matter of no importance in the present aspect of the question. The court had jurisdiction to determine these issues. The soundness of the adjudication cannot be questioned in a collateral attack. Cooper v. Reynolds, 10 Wall. 308; Trust Co. v. Seasongood, 130 U. S. 482, 9 Sup. Ct. 575; Chicago & A. R. Co. v. Wiggins Ferry Co., 108 U. S. 18, 1 Sup. Ct. 614, 617.

It is not a question as to the effect of constructive or substituted service, as in Pennoyer v. Neff, 95 U. S. 714. There was actual serv-

ice of process. Whether there was an abuse of the process of the court was a question for the determination of the court whose process is complained of. Construction Co. v. Fitzgerald, 137 U. S. 98--105, 11 Sup. Ct. 36. The decision of the Rhode Island court, at most, would be erroneous, and in no view of the case is the judgment void. Having jurisdiction of the subject-matter, and of the person by actual service of process, it had the power to determine for itself that its process had not been abused, nor the jurisdiction acquired fraudulently. Its judgment is entitled to full respect, and cannot be reviewed by the circuit court. It is accordingly ordered that the judgment of the circuit court be affirmed.