[Civil No. 983.   Filed March 22, 1907.]

[89 Pac. 535.]

NATIONAL METAL COMPANY, a Corporation, Plaintiff and Appellant, v. GREENE CONSOLIDATED COPPER COMPANY, a Corporation, et al., Defendants and Appellees.

1. JUDGMENT—EQUITABLE RELIEF—LACHES.—Where default judgment was rendered against a foreign corporation on June 21, 1903, the summons having been served on a third person, who was not its agent, and the corporation, after receiving notice of the judgment of November, 1903, filed a motion to set aside the judgment, which motion was denied and the ruling of the court affirmed by the supreme court in May, 1905, a suit in equity to restrain the enforcement of the judgment brought by the corporation in June, 1905, was not barred by laches.

2. SAME—PROCESS—LACK OF SERVICE.—Where default judgment is entered against a foreign corporation, the summons being served on the third person, who was not its agent, while the corporation had knowledge, acquired from said third person, that a suit had been brought, and did not act upon said knowledge, judgment is none the less void, and its enforcement will be enjoined, there being no laches in the failure to act upon the knowledge obtained f.om the third person, as the company had the right to rely upon the constitutional guaranty of due process of law.

3. PROCESS—RETURN—IMPEACHMENT—REV. STATS. ARIZ. 1901, PAR. 1088.—While paragraph 1088, *supra*, provides that the return of sheriff on process is *prima facie* evidence of the fact stated, such return of service of summons may be shown to be false, that no service was made, and that the court obtained no jurisdiction of defendant, without proving that the false return was procured by the fraud of. plaintiff.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Santa Cruz. Fletcher M. Doan, Judge.   Reversed, with directions to overrule the demurrer interposed by defendant.

The facts are stated in the opinion.

Hawkins & Ross, for Appellant.

In support of his contention that appellant was not guilty of laches in failing to interpose by motion prior to the rendi-

tion of judgment, on the ground that appellant was never served with any legal process so as to give it actual or constructive notice, in addition to the cases cited by the court in its decision as bearing in favor of appellant's contentions on this point, appellant cites: *Rathbun* v. *Acker,* 18 Barb. 393; *Simmons* v. *Gardiner,* 6 R. I. 255; *Williams* v. *Van Valkenburg,* 16 How. Pr. 152; *Van Rensallaer* v. *Palmatier,* 2 How. Pr. 24; *Wall* v. *Wilson,* 2 La. 169; *Caldwell* v. *Glenn,* 6 Rob. (La.) 9; *Hughes* v. *Martin,* 1 Ark. 386; *Du Bois* v. *Clark,* 12 Colo. App. 220, 55 Pac. 750, wherein the court said: ''The legislature has prescribed the process necessary where life or liberty is involved; and it has also prescribed the process necessary to the rendition of judgments in civil actions, by means of which parties may be deprived of their property. The process prescribed is actual process, to be actually served in some one of the methods specified.''

Appellant's amended complaint herein states a full and complete cause of action, and is in pursuance of the proper remedy. It seeks relief from a judgment for a large sum rendered absolutely without jurisdiction. Appellees knew when they took the judgment that the court was without jurisdiction of the appellant. Appellant was not then, and is not now, indebted to appellees. Appellant's legal remedies have been exhausted. That our proceeding is proper and our complaint ample and sufficient, see *Kibbe* v. *Benson,* 17 Wall. 630, 21 L. Ed. 741; *Hamblin* v. *Knight,* 81 Tex. 351, 26 Am. St. Rep. 818, 16 S. W. 1082; *Gulf etc. Ry. Co.* v. *Rawlins,* 80 Tex. 581, 16 S. W. 430; *Mullins* v. *Central Coal Co.,* 73 Ark. 333, 84 S. W. 477; *Earl* v. *McVeigh,* 91 U. S. 503, 23 L. Ed. 398; *People* v. *Temple,* 103 Cal. 447, 37 Pac. 414; *Du Bois* v. *Clark,* 12 Colo. App. 220, 55 Pac. 754; *State Ins. Co.* v. *Waterhouse,* 78 Iowa, 674, 43 N. W. 611. The complaint was not insufficient in failing to allege fraud on the part of the appellees in procuring the sheriff's return to be made. The common-law rule, covered by federal cases cited by appellees, does not apply in this territory, but has been expressly abrogated by section 1088, Revised Statutes of 1901. See, also, *Smoot* v. *Judd,* 184 Mo. 508, 83 S. W. 481.

Eugene S. Ives, for Appellees.

The appellant had notice of the attempted service of the summons in ample time to have availed itself of its legal

remedy by motion or plea in abatement, or to interpose a defense, and no excuse for not doing so having been shown, the complaint is insufficient. The rule is, as the appellees contend, that a party cannot invoke the aid of a court of equity to vacate or restrain the enforcement of a judgment at law unless he shows that he had no opportunity to avail himself of such legal remedies as the law provides; and when a party against whom a judgment is rendered without proper service of process, and who has knowledge of the pendency of the action and the attempted service in ample time to have availed himself of the legal remedy, deliberately permits the time within which the legal remedy is available to pass, he has barred himself by his own neglect from obtaining relief in a court of equity. *Massachusetts Benefit Life Assn.* v. *Lohmiller,* 74 Fed. 24 (at p. 27), 20 C. C. A. 274; *City of Fort Pierre* v. *Hall,* 19 S. D. 663, 117 Am. St. Rep. 972, 104 N. W. 470; *Hockaday* v. *Jones,* 8 Okl. 156, 56 Pac. 1054, where will be found a full discussion of the subject, and a reference to authorities in support of appellee's position; *Ede* v. *Hazen,* 61 Cal. 360; *Dorwart* v. *Troyer,* 2 Neb. (Unof.) 22, 96 N. W. 116.

A false return of service is not sufficient to warrant equitable interposition unless it be alleged that the false return was procured by fraud of the opposite party. *Massachusetts Life Assn.* v. *Lohmiller,* 74 Fed. 23, 20 C. C. A. 274; *Knox* v. *Harshman,* 133 U. S. 152, 10 Sup. Ct. Rep. 257, 33 L. Ed. 586; *Cully* v. *Shirk,* 131 Ind. 76, 31 Am. St. Rep. 414, 30 N. E. 882; *King* v. *Davis,* 137 Fed. 222; *Graham* v. *Loh,* 32 Ind. App. 183, 69 N. E. 474.

NAVE, J.—The National Metal Company, appellant, brought suit against the Greene Consolidated Copper Company and another in the district court of Santa Cruz county. A demurrer to the complaint was sustained, and, plaintiff declining to amend, judgment thereon was rendered for the defendants. From this judgment plaintiff has appealed.

The complaint, in the briefest substance, alleges that plaintiff is a foreign corporation not at any time engaged in the transaction of business in this territory except in isolated transactions in the nature of interstate commerce; that in March, 1903, the defendants sued the plaintiff in the district court of Santa Cruz county; that in that suit the sheriff made return of summons certifying that he had served the

same upon one Pellegrin, the agent of the plaintiff (defendant in that suit); that plaintiff did not appear in that action or answer therein; that on June 23, 1903, being the last day of the term of that court, the court rendered personal judgment by default against the plaintiff; that the said Pellegrin was not at the time of such alleged service, and never had been, the agent of the plaintiff in any manner or for any purpose whatsoever; that on April 4, 1903, an officer of the plaintiff received a letter, at the New York office of plaintiff, from A. L. Pellegrin & Co., stating that service of summons had been made upon them in the action referred to, and that they had notified both of the plaintiffs in that action and their attorneys that they were not, and never had been, the agents of plaintiff; that plaintiff did not receive either from Pellegrin & Co., or from any other source a copy of the summons; that at the time of said service the said Pellegrin gave notice to the sheriff serving him, and to the plaintiffs in that action that he was not, and never had been, the agent of the plaintiff for any purpose whatsoever; that after receiving notice of the rendition of the said judgment, plaintiff in November, 1903, filed in said action its motion to quash said pretended service of process and to vacate, annul and set aside said default judgment, which motion was denied; that from the denial of such motion the plaintiff sued out a writ of error to the supreme court of Arizona where the ruling of the lower court was affirmed and thereafter plaintiff's motion for rehearing was, on May 26, 1905, denied (see 9 Ariz. 192, 80 Pac. 379); that plaintiff has a meritorious defense to the said action (stating in sufficient detail the defense); that the defendants threaten to, and unless restrained by the court will, annoy, harass and irreparably injure plaintiff by suits and executions on the aforesaid judgment; that plaintiff has exhausted its remedy by motion to set aside said judgment, and by reason of the facts, aforesaid, is without a speedy or adequate remedy at law; that unless relieved by this court from said judgment plaintiff will be irreparably damaged and injured. Wherefore, plaintiff prays that the service and judgment in the said suit be held void, and that defendants be perpetually enjoined and restrained from collecting said judgment, or any part thereof, and from issuing execution or instituting actions thereon, or in any manner exercising or relying upon said judgment. This suit was instituted in the district court on June 3, 1905. On the several grounds

of demurrer filed in the lower court, but two require consideration. One is that the complaint does not state facts sufficient to constitute a cause of action; and the other, that the cause of action is barred by limitation. The facts set up in the complaint show sufficient diligence by the plaintiff to relieve it from the imputation of laches, which disposes of the last mentioned of the grounds of demurrer.

Appellees urge that the complaint is defective in four respects. Only two of these require consideration. They are: "(1) That the appellant having had actual knowledge of the pendency of the action, and the attempted service of process, in ample time to avail itself of its legal remedy, or to interpose a defense, it has no standing in an equitable action to vacate the service of process and judgment. (2) That the complaint is wholly insufficient in that it fails to allege that the false return of service was procured by the fraud of plaintiffs."

1. It seems manifest from the statements and argument of counsel that the trial court sustained the general demurrer to this complaint upon the authority of the decision of the circuit court of appeals for the seventh circuit of Massachusetts. *Benefit Life Assn.* v. *Lohmiller,* 74 Fed. 23, 20 C. C. A. 274. The most pertinent expression in this case is: "If it be conceded that the complainant was not properly served, and that the judgment was voidable, or even void, that condition is not of itself sufficient to warrant interference; but an equity must be presented aside from that bare circumstance, showing that the injured party was without knowledge, was taken by surprise, and had no opportunity, in fact, to obtain a hearing. So far as it appears from the allegations of this bill, the complainant may have possessed full and timely information of all the proceedings, but refrained from making any motion, relying upon the assumed defect, and if such were the fact the remedies are legal only. Neglect of the opportunity which was then open for a hearing would bar equitable relief." But this expression must not be taken as a statement of a general rule, applicable in all situations. It must be understood in the light of the facts. In that case the association was engaged in business in the state and actual service had been made upon resident agents of the association, professedly under a general statute authorizing such service. The fact of agency was not disputed, but that a different agent should have been served was contended. It

was not averred that the agents served, either collusively with the plaintiff in the action in which process was served, or at all, had failed to acquaint the proper officers with the service; but it was urged that service should have been made under a special statute, upon a special agent for service of process, and not under a general statute authorizing service upon any agent. Applied to those facts, the statements quoted have a very different bearing from that had if they are applied to the facts in this case; we cannot accept them as applicable to these facts. Here the plaintiff was advised by a stranger that the stranger had been served with process in a case against plaintiff. The credit it may have given to this information is immaterial. If it relied upon the information, and believed that a suit had been instituted against it, it nevertheless could appropriately ignore the matter, and assume that the court would not proceed to judgment until service should be made. A distinction is to be observed between knowledge of the pendency of a suit and notice thereof. Jurisdiction can be acquired, if one does not submit himself to it, in no other way than by actual notice or by constructive notice. Actual notice is given only by personal service of process; constructive notice, by some form of substituted service. Some decisions which superficially may appear to oppose our conclusion may be reconciled with it by observing that it is often held, and properly so, that actual notice may sometimes be given, although there is a formal defect in the manner of service; in considering the matter the word "knowledge" is occasionally used inaccurately for "notice," and *vice versa*. In such case there has been service despite the informality. The time to attack such service by reason of such informality is prior to judgment. A failure so to attack the service may amount to a waiver of the informality; and one who has ignored such service, and thereby has lost an opportunity to be heard in the case, may have no just cause for complaint after judgment. But where there is no service there is no notice, irrespective of any knowledge which the defendant may acquire informally. Notice is given only by a service of process. Informal knowledge will not supply it, and cannot be relied upon to put the one acquiring the knowledge upon notice or to force him into court to defend himself. The supreme court of the United States recognized this in *Connecticut Mut. L. Ins. Co.* v. *Spratley,* 172 U. S.

XI Ariz.—8

612, 19 Sup. Ct. 308, 43 L. Ed. 569. After reference to certain notices provided to the company, it is said: "We do not intimate that mere knowledge or notice as thus provided would be sufficient without a service on the agent in the state where the suit was commenced." Again: "Process sent [to a nonresident] out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability." *Pennoyer* v. *Neff,* 95 U. S. 727, 24 L. Ed. 565. Still further: "No court can exercise, at common law, jurisdiction over a party unless he is served with the process within the territorial jurisdiction of the court, or voluntarily appears." *Mexican Cent. R. Co.* v. *Pinkney,* 149 U. S. 209, 13 Sup. Ct. 865, 37 L. Ed. 699. "It is not sufficient," says Alderson on Judicial Writs and Process, pages 227, 228, section 111, "that a defendant have actual notice (knowledge) of a proceeding against him; he must be summoned in a lawful manner." The point we are making is clearly pointed out again by the supreme court of the United States in *Fitzgerald etc. Co.* v. *Fitzgerald,* 137 U. S. 98, 11 Sup. Ct. 39, 34 L. Ed. 608, as follows: "So that, whether the president of this company was inveigled into Lancaster county or not, the service upon him amounted to no more than an informal notice only, and did not bring the company into court, and this the company was bound to know, and must be held to have known. Without regard to the evidence relied on to show that there was concealment of the circumstances in relation to the service, knowledge of these circumstances was wholly immaterial, in view of the fact that the service was unavailing to bring the defendant into court, unless it chose to come there." *Harrell* v. *Mexican Central Co.,* 73 Tex. 612, 11 S. W. 863; *August Kern Barber Sup. Co.* v. *Freeze,* 96 Tex. 513, 74 S. W. 303; *Savings Bank* v. *Authier,* 52 Minn. 98, 53 N. W. 812, 18 L. R. A. 499; *Turrill* v. *Walker,* 4 Mich. 177; *State Ins. Co.* v. *Granger,* 62 Iowa, 272, 17 N. W. 504; *Hockaday* v. *Jones,* 8 Okl. 156, 56 Pac. 1054. The distinction between actual service, though defective, and entire absence of service is interestingly illustrated in the decisions in the case of *Capwell* v. *Sipe* (C. C.), 51 Fed. 667, affirmed 59 Fed. 970, 8 C. C. A. 419. See, also, *Hollingsworth* v. *Barbour,* 4 Pet., at p. 476, 7 L. Ed. 922. If the allegations of the complaint in this case are true, there was no service whatsoever, and the judgment, though not void on its face, is void in fact; and plaintiff's only adequate protection lies in this

action.  That it did not act upon the information acquired from Pellegrin was not neglect, was not "sleeping on its rights"; it was inaction in reliance upon its legal rights, in reliance upon the constitutional guaranty of due process of law.  Such is not the inaction which bars relief in equity. To accomplish such a bar, it is said that the inaction must be such as amounts to "a violation of positive legal duty." Pomeroy's Equity Jurisprudence, 2d ed., sec. 856, p. 1187.

2. We turn, now, to the second contention of appellees, to wit, that the complaint should aver that the false return of service was procured by the fraud of plaintiff.  The point is discussed in the several opinions filed in the case of *Smoot* v. *Judd* (1904), 184 Mo. 508, 83 S. W. 484, with a collection of the authorities on each side of the question so elaborate that it may be deemed to be complete to the date of the opinions.  Paragraph 1088, Revised Statutes of 1901, provides: "The return of the sheriff upon process is *prima facie* evidence of the facts in such writ as stated."  The nullity of the judgment here in question lies in that jurisdiction was not obtained of the judgment defendant.  Whether the plaintiffs therein (defendants here) were innocent or acting in fraud in the matter of the false return is immaterial. Whatever might be our view as to the conclusiveness of the sheriff's return in the absence of the statute which we quote, by reason of the statute it is not conclusive.  From the precedents so industriously collected in *Smoot* v. *Judd,* it is clear that fraud in the return need be charged only where (in the absence of fraud) the sheriff's return is conclusive.  Plaintiff not having been served, having indulged in no unreasonable delay in seeking this equitable relief, and showing a meritorious defense to that action, it is entitled to enjoin the operation of the judgment.

The judgment of the district court is reversed, with direction to that court to overrule the demurrer to the complaint to the end that further proceedings may be had not inconsistent with this opinion.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.