**BLANE v. YOUNG.**

**Civ. No. 26980.**

United States District Court
N. D. Ohio, E. D.
April 11, 1950.

Marvin L. Gardner, Theodore R. Spilka, Cleveland, Ohio, for plaintiff.

Thomas J. Gray, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action by a trustee in bankruptcy to set aside and recover a preferential transfer made within four months of the filing of the petition in bankruptcy.

Defendant has moved to dismiss the action or in the alternative to quash the return of service on the ground that defendant has not been properly served with process.

The Marshal's return shows only that service was made on November 29, 1949, upon the defendant's father, presumably at the address alleged in the petition to be defendant's usual place of abode. Defendant, however, has filed two affidavits sworn to by defendant's father and a friend which state that defendant does not now reside at the address where service was made nor has he resided there since a time prior to October 15, 1949, nor is said address his usual place of abode. The affidavits say nothing about the present whereabouts of defendant. Plaintiff has not opposed this motion to dismiss.

Federal Rules of Civil Procedure, rule 4(d) (1), 28 U.S.C.A., provides for service upon the defendant personally or for service by leaving copies of the summons at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion. There is no doubt that personal service was not made in this case. The only issue is whether the summons was left at defendant's residence or usual place of abode.

■ Rovinski v. Rowe, 6 Cir., 131 F.2d 687, states that Rule 4(d) (1) should be liberally construed to effectuate service when actual notice of the suit has been received by defendant. If this ruling is followed literally, defendant has been properly served because he has actual notice of this action. However, the ruling cannot be divorced from the facts which support it and a reading of the case indicates that the Court found service was made at the defendant's usual place of abode and the Court was liberal only in its finding of what was a usual place of abode.

■ The case of Zuckerman v. McCulley, D.C., 7 F.R.D. 739, sets forth what appears to be the correct rule. It was there held that the courts were without authority to nullify the requirements of the rule providing how jurisdiction might be acquired. This means that the summons must have been left at defendant's usual place of abode. It is not clear from the return that the summons was left at defendant's usual place of abode, and there are two affidavits which state that the place where the summons was left was not the defendant's usual place of abode. It is true that proof which

takes the form of affidavits is not the most reliable evidence, and it is also true that these affidavits are somewhat unsatisfactory in that they do not state why defendant no longer resides at the address where the service was made, and they do not state where defendant's usual place of abode has been since October 15, 1949. However, because of plaintiff's failure to offer any contradictory evidence, this Court must follow the Zuckerman case and the case of Thomas v. Furness (Pacific), Limited, 9 Cir., 171 F.2d 434, and hold if the undisputed proof shows that service was not properly made that the action must be dismissed because of want of jurisdiction. The undisputed evidence in this case, however weak it may be, shows that the summons was not left at defendant's usual place of abode.

Therefore, service was not made according to Rule 4(d) (1) and the return of service must be quashed and this action dismissed.

On Motion to Vacate Order of Dismissal.

This is an action to set aside and recover a preferential transfer.

Defendant previously moved to quash the service of summons and to dismiss the action because proper service had not been made. This Court sustained the motion because summons had not been left at defendant's usual place of abode.

Plaintiff, pursuant to Rule 52(b) moves that the Court vacate the order of dismissal and allow service to be made by alias summons.

There is some doubt that Rule 52(b) can be used to reopen such matter. However, it is not important to decide that issue because additional information contained in new affidavits filed by defendant shows that the summons was not left at defendant's usual place of abode. The former opinion was directed to the same conclusion, but the evidence supporting such a finding was doubtful. Had there been any opposition a different result might have been reached. The new affidavits fill in the areas about which the Court was in doubt and there now is no question that proper service was not made.

■ The Court then was justified in dismissing the action for want of jurisdiction. Perhaps it went too far in dismissing the action, but at the time it had no aid from the plaintiff's attorney, and an attorney who passes the opportunity to express his views cannot now be heard to complain. There is no reason why the Court should relieve the plaintiff from the consequences of the failure of his attorney to take action at the proper time.

Oral hearing as requested by the plaintiff is denied for the reason that judicial assistance is inadequate for the volume of preliminary matters awaiting decision.

The motion will be denied.