486 P.2d 786

**James Wallace SCOTT, Appellant,**

v.

**G. A. C. FINANCE CORPORATION, an Arizona corporation, Appellee.**

No. 10337.

Supreme Court of Arizona, In Division.

June 28, 1971.

Rehearing Denied Sept. 17, 1971.

Frank E. Dickey, Jr., Phoenix, for appellant.

John G. Thomas, Phoenix, for appellee.

UDALL, Justice.

From a default judgment taken by the plaintiff-appellee against defendant-appellant, the defendant brings this appeal.

The facts of the case are as follows: The plaintiff sued the defendant and defendant's wife on a promissory note. The process server served the defendant's wife personally with a copy of the summons and complaint at the place where she was living, and he also left a copy of the summons and complaint with the defendant's wife, for the defendant. At the time the summons and complaint were left with defendant's wife, the defendant and his wife had separated and a divorce was pending.

The summons and complaint were issued on August 22, 1969, and were served the next day to defendant's wife at 7544 E. Papago Drive, Scottsdale, where defendant and his wife had been living prior to the separation. The defendants failed to answer the summons and complaint and a default was entered against both of them on September 17, 1969. Thereafter, on October 16, 1969, the. defendant was given a copy of the summons and complaint by his wife. However, the default *judgment* was not entered against the defendant until November 17, 1969, more than thirty days after the papers had been handed to him by his wife.

On November 25th, 1969, the defendant moved to set aside the default and default

judgment on the grounds that he was not served with a copy of the complaint and the court had therefore not acquired jurisdiction over him and any proceedings in the matter were invalid. In a supporting affidavit, defendant stated that he was not living at 7544 E. Papago Drive in Scottsdale when the papers were served upon his wife but that he in fact was living at 1936 E. Sheridan, in Phoenix, and was in the process of getting a divorce from his wife. It was alleged in his motion to set aside the default judgment that at the time the papers were served upon his wife he was filing proceedings in bankruptcy and that the mortgage on their home at 7544 E. Papago in Scottsdale was being foreclosed, and that these legal proceedings provided the plaintiff with defendant's correct address. On January 20, 1970, the trial court denied defendant's motion to set aside the default and default judgment.

The only question presented for the consideration of this Court on appeal reads as follows:

> "Where a default judgment is obtained against the defendant who was not served personally, and a copy of the summons and complaint was left with defendant's wife after a divorce action was pending and defendant had moved to another address, is the default judgment void?"

It is the contention of the defendant on appeal that at the time a copy of the summons and complaint was left for him with his wife at 7544 E. Papago Drive in Scottsdale, his place of abode was in fact at 1936 E. Sheridan in Phoenix. On this basis he argues that the attempted service upon him at the Scottsdale address was void and that the trial court therefore never acquired jurisdiction over him to enter a default judgment. With this contention we disagree.

Rule 4(d) (1) of the Rules of Civil Procedure, 16 A.R.S., provides as follows:

> "4(d) *Summons; service; minors; nonresident minors.* The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> 1. Upon an individual other than those specified in paragraphs 2, 3, 4, and 5 of this subdivision of this Rule [dealing with minors and incompetents], by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

It has long been recognized, as a principle of law, that the purpose of process is to give the party to whom it is addressed actual notice of the proceedings against him, and that he is answerable to the claim of the plaintiff. It is this notice which gives the Court jurisdiction to proceed. Tripp v. Santa Rosa Street Railroad Co., 144 U.S. 126 at 129, 12 S.Ct. 655, 36 L.Ed. 371 (1892); Earle v. McVeigh, 91 U.S. 503 at 510, 23 L.Ed. 398 (1876).

As noted above, Rule 4(d) (1) provides for the leaving of copies of the summons and complaint at the individual's dwelling house or usual place of abode. The construction which should be given this provision is suggested in 1 Barron & Holtzoff, Federal Practice and Procedure, § 177:

> "It has been held that the provision concerning usual place of abode should be construed liberally to effectuate service if actual notice has been received by the defendant and that in the last analysis the question of service must be resolved by 'what best serves to give notice to a defendant that he is being served with process, considering the situation from a practical standpoint'. However, if service is made in the manner here set out it is effective even though defendant received no actual notice."

See also 4 Wright and Miller, Federal Practice and Procedure, § 1096, which has superseded and replaced § 177 of Barron &

Holtzoff. The above quotation from Barron & Holtzoff is cited in Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967), which states further that:

"The appropriate construction of Rule 4(d) (1) varies according to whether the defendant received notice of the suit. 4(d) (1) should be broadly construed where the defendant, as in this case, received notice of the suit. * * * [N]o hard and fast rule can be fashioned to determine what is or is not a party's 'dwelling house or usual place of abode' within the rule's meaning; rather the practicalities of the particular fact situation determine whether service meets the requirements of 4(d) (1)." 384 F.2d at 953.

See also Rovinski v. Rowe, 131 F.2d 687 (6th Cir. 1942).

In Karlsson v. Rabinowitz, 318 F.2d 666 (4th Cir. 1963), process had been served on the defendant's wife at the defendant's home in Maryland, where the defendant had lived prior to his moving ahead of his family to Arizona, where he had bought a house intending that he would never return to Maryland. The Court of Appeals held that although the defendant left Maryland 20 days before service of process, the service nevertheless met the requirements of Rule 4(d) (1) inasmuch as the defendant actually received notice of the action and appeared specially and moved to quash the return of service. The Court expressly approved the "liberal construction" rule—i. e., where actual notice of the commencement of the action has been received, the provisions of Rule 4(d) (1) should be liberally construed to effectuate service and uphold the jurisdiction of the court.

In the instant case the defendant received actual notice of the action on October 16, 1969, when his wife gave him a copy of the summons and complaint. Default judgment was not entered against the defendant until November 17, 1969, more than thirty days thereafter. Defendant filed his motion to set aside the default judgment on November 25, 1969; the motion was denied on January 20, 1970. It was not until February 21, 1970, that the defendant for the first time answered the allegations in the plaintiff's complaint by filing an answer to the complaint.

In Daniel v. Telford, 51 Ariz. 197, 75 P. 2d 373 (1938), we stated that parties to litigation who have notice of contemplated action and without sufficient excuse neglect to appear and protect their rights, cannot complain of any order or judgment rendered against them.

The defendant in this case has not complained that the default and default judgment should be set aside because of his mistake, inadvertence, surprise, or excusable neglect [see Rule 60(c), Rules of Civil Procedure]; rather, he contends only that he is entitled to have the default judgment set aside because the service was void from the beginning.

The record clearly shows that the summons and complaint were served at the defendant's usual place of abode on August 23, 1969, by giving them to the defendant's wife. She gave him the papers on the 16th of October, 1969. The default judgment was entered against the defendant on the 17th of November. No answer to the complaint was filed until the 21st day of February, 1970. Even if we assume that the service was voidable, a question we do not answer, it is apparent that the defendant received actual notice of the commencement of this lawsuit more than thirty days prior to the entry of default judgment, and if he had answered promptly within the period of time allowed by law, this case would have assumed an entirely different posture. The defendant's unreasonable delay after receiving actual notice justifies the court in refusing to set aside the default judgment.

Judgment affirmed.

STRUCKMEYER, C. J., and LOCKWOOD, J., concur.