739 P.2d 1357

Mike **MELTON**, Petitioner,

v.

**SUPERIOR COURT** of the State of Arizona, In and For The **COUNTY OF GILA**, **Honorable Robert Duber II, a Judge Thereof**, Respondents,

and

Kim **MELTON**, Real Party in Interest.

No. 2 CA–SA 87–0050.

Court of Appeals of Arizona, Division 2, Department A.

July 14, 1987.

Anna C. Ortiz, Globe, for petitioner.

Pinal & Gila Counties Legal Aid Society by Crystal Francis, Coolidge, for real party in interest.

## OPINION

ROLL, Judge.

Petitioner is the respondent below in an action filed by the real party in interest, Kim Melton, seeking dissolution of the parties' marriage. Petitioner has brought this special action challenging the refusal of the respondent judge to quash service of process of the dissolution pleadings. Petitioner has no equally plain, speedy or adequate remedy by appeal. Rule 1, Rules of Procedure for Special Actions, 17A A.R.S. Additionally, we believe that the respondent has proceeded and is threatening to proceed without or in excess of jurisdiction. Rule 3(b), Rules of Procedure for Special Actions. We accept jurisdiction and grant relief.

Kim Melton filed a petition for dissolution of marriage on December 18, 1986. An affidavit of service was filed on December 31, 1986, stating that petitioner had been served copies of the summons, petition for dissolution, preliminary injunction, and other necessary documents on December 29, 1986. The parties do not dispute that the affidavit of service contained incorrect information. In fact, petitioner was not personally served, but the copies were instead served upon petitioner's employer at a time when petitioner was not present.

On January 17, 1987, petitioner left Arizona with the parties' two minor children and took them to Oklahoma. In the dissolution proceeding, Kim Melton obtained an ex parte order awarding her temporary custody of the minor children on January 22. At that hearing, the respondent judge apparently found that petitioner had removed the children from Arizona in violation of the preliminary injunction and a civil bench warrant was issued. A custodial interference complaint had also been filed by Kim Melton, and an arrest warrant issued on that complaint. On January 30, petitioner appeared before the respondent judge to answer for the civil bench warrant. Petitioner was released on the civil warrant after posting bond and was released on his own recognizance on the custodial interference charges.

On February 20, petitioner filed a motion to quash the service of process. At an evidentiary hearing, petitioner testified that he had received the dissolution papers from his employer. In denying the motion to quash, the respondent judge made the following findings:

The Court finds that by Moving to Quash there was no general appearance nor on the warrant.

The sheriff did not serve the respondent in person.

The respondent did receive all copies of the Preliminary Injunction and on his own volition he chose not to read them.

The respondent is not prejudiced in defending the case.

Following oral argument on a motion to reconsider, the respondent judge again refused to quash the service of process. On the following day, April 21, the respondent judge granted Kim Melton's request for child support and for the use of the community automobile.

Kim Melton apparently again caused service of process to be made upon petitioner, this time by personal service. In his reply in this special action, petitioner acknowl-

edges personal service and asks this court to vacate all orders entered prior to proper service, which was apparently accomplished on April 22, 1987.

Rule 4(d)(1), Rules of Civil Procedure, 16 A.R.S., as it applies to the instant case, requires that service upon an individual shall be made as follows:

> [B]y delivering a copy of the summons and of the complaint to him personally *or by leaving copies thereof at his dwelling house or usual place of abode* with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

(Emphasis added.) The parties agree that the original attempt at service was not made upon petitioner personally, and there is no argument that his employer was authorized to accept service on his behalf. Therefore, the question is whether service upon petitioner's employer and petitioner's receipt of the copies from his employer on the same day comply with the requirement of Rule 4(d)(1).

Kim Melton contends that the initial service was sufficient because petitioner received actual notice and suffered no prejudice by the technically deficient service. Citing *Marks v. LaBerge*, 146 Ariz. 12, 703 P.2d 559 (App.1985), Kim Melton argues that we should construe Rule 4(d) liberally to affirm the trial court's order refusing to quash service. We disagree.

The liberal construction rule upon which Kim Melton relies was stated in *Marks v. LaBerge, supra,* as follows:

> We begin from the proposition that the purpose of process is to give the party actual notice of the proceedings against him and that he is answerable to the claim of the plaintiff. *Scott v. G.A.C. Finance Corp.*, 107 Ariz. 304, 486 P.2d 786 (1971). Further, "dwelling house or usual place of abode" will be liberally construed to effect service if actual notice has been received by the defendant. *Id.* This is not only a matter of statutory construction, but is a constitutional

requirement under the due process clause. *Bowen v. Graham*, 140 Ariz. 593, 684 P.2d 165 (App.1984).

146 Ariz. at 15, 703 P.2d at 562. Petitioner acknowledges that he received the copies from his employer. Had he been served at a "dwelling house" or "place of abode," this would be a crucial fact, since the policy of interpreting Rule 4(d)(1) liberally only applies where actual notice has been received. Our review of the Arizona case law, however, leads us to conclude that the liberal application of Rule 4(d) involves an examination of the facts of a particular case to determine whether the place of service may be construed as a "dwelling house or usual place of abode." We believe Rule 4(d)(1) is limited to such an interpretation. *See Marks v. LaBerge, supra; Scott v. G.A.C. Finance Corp.*, 107 Ariz. 304, 486 P.2d 786 (1971). The federal cases interpreting the parallel federal rule support our conclusion. *See Hysell v. Murray*, 28 F.R.D. 584 (S.D.Iowa 1961); *Frasca v. Eubank*, 24 F.R.D. 268 (E.D.Pa.1959); *Blane v. Young*, 10 F.R.D. 109 (N.D.Ohio 1950).

■ There is no argument that petitioner resided on the premises of his place of employment at any time. The term "place of abode" is generally construed to mean the place where the person is living when service is attempted. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The fact that petitioner received actual notice in this case does not validate service of process upon his employer at a place which may not, even under the most liberal construction, be construed as petitioner's "dwelling house or usual place of abode."

Petitioner was clearly prejudiced by the trial court's refusal to quash the invalid service. He was found to be in violation of the improperly served preliminary injunction, an ex parte order regarding custody was entered, and warrants issued for his arrest. Contrary to the urging of the real party in interest, we find no valid reason to apply the laches doctrine against petitioner under the facts of this case.

Finally, Kim Melton argues that petitioner waived his right to challenge the initial service of process by not objecting prior to or during his January 30, 1987, appearance on the civil bench warrant. We do not believe that petitioner's appearance on the warrant constituted such a waiver. The trial court found and we agree that petitioner did not enter a general appearance when he was brought before the court while under arrest. The real party in interest cites *Montano v. Scottsdale Baptist Hospital, Inc.*, 119 Ariz. 448, 581 P.2d 682 (1978), to support her argument regarding waiver. In *Montano,* the court noted the long-standing rule that a general appearance by a party who has not been properly served has the same effect as proper, timely and valid service. Since petitioner's appearance under the bench warrant was not a general appearance, the requirement of valid service was not waived. Furthermore, petitioner did not file a response to the dissolution petition, which would constitute an appearance pursuant to Rule 5(e), Rules of Civil Procedure. Rule 12(i) provides that a party waives all defenses and objections which he does not present pursuant to Rule 12 except a defense of lack of jurisdiction, which is waived only if omitted from a motion or responsive pleading. No motion or responsive pleading having been filed, we do not believe that petitioner waived his right to object to the invalid service.

Looking to the facts of this case, it is clear that service was not made either personally or by leaving the necessary copies with a resident of petitioner's dwelling house or usual place of abode. For this reason, service was not effected under Rule 4(d) and the subsequent orders entered against petitioner were void. Petitioner did not waive his claim of invalid service by appearing pursuant to a warrant which issued based upon an improperly served preliminary injunction.

This case is remanded to the respondent court with directions to enter its order quashing the improper service of process made on December 29, 1986, and vacating the orders which were entered during the time when it lacked personal jurisdiction and any subsequent orders based upon these void orders.

HOWARD, P.J., and FERNANDEZ, J., concur.