NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

RICHARD W. RUBY, *Plaintiff/Appellee*,

*v.*

JOEL D. BALL, *Defendant/Appellant*.

No. 1 CA-CV 18-0571
FILED 4-28-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2018-054684
The Honorable Steven K. Holding, Judge *Pro Tempore* (Retired)

**AFFIRMED**

---

APPEARANCES

Richard W. Ruby, Bloomfield Hills, Missouri
*Plaintiff/Appellee*

Joel D. Ball, Phoenix
*Defendant/Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

**W I L L I A M S**, Judge:

¶1        Tenant Joel Dean (J.D.) Ball ("Ball") appeals the superior court's judgment finding him guilty of special detainer, evicting him from a residential rental property, and awarding damages, fees and costs to landlord Richard W. Ruby ("Ruby"). For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY[1]

¶2        Ball entered into a residential lease agreement with Ruby in January 2018. Ball used his father's name and identity on the lease agreement without his father's permission.[2] Ball fell delinquent in rent payments due each month. In addition, police were called to the residence on more than two dozen occasions primarily for large gatherings, noise and other disturbance related issues. On two occasions, police responded to an assault at the property.

¶3        In August 2018, Ruby filed a complaint against Ball in the superior court seeking Ball's removal from the property through a special detainer action, as well as an award for damages and related costs and fees.

¶4        On August 3, 2018, Ball was served a copy of the complaint and summons. The summons listed the address of the superior court, the date and time of the hearing, as well as a phone number for legal assistance.

---

[1] Appellant's opening brief contains a statement of facts without appropriate citations to the record as required under Ariz. R. Civ. App. P. 13. Therefore, we disregard the factual assertions in the brief and rely upon our review of the record. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998).

[2] Both the complaint and judgment included Ball's father, Edward Ball, as a party to the action. Following a Rule 60 Motion for Relief, the court removed Edward Ball from the judgment after determining Ball used his father's name and identity on the lease agreement without permission.

Additional summonses were issued on August 7th and August 13th changing the date and time of the scheduled hearing. The subsequent summonses did not list the address or phone number to the superior court.[3]

¶5        On August 17, 2018, Ruby appeared at the hearing with counsel. Ball failed to appear in person but appeared telephonically. Ball claimed he went to the wrong courthouse and requested the hearing be delayed to allow him time to travel to the courthouse in person. The court denied the request to delay the hearing but allowed Ball to appear telephonically. At the conclusion of the hearing, the court entered judgment in favor of Ruby, finding Ball guilty of special detainer and that Ball "material[ly] and irreparabl[y] breach[ed]" the agreement under A.R.S. § 33-1368(A). The superior court ordered the residential property be returned to Ruby's possession within five calendar days and awarded Ruby damages, costs and fees.

¶6        Ball has timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶7        Residential eviction actions are governed by the Arizona Residential Landlord and Tenant Act, A.R.S. §§ 33-1361 to -1378, and by the Arizona Rules of Procedure for Eviction Actions. "We defer to a superior court's findings of fact unless clearly erroneous, but we review its conclusions of law de novo . . . view[ing] the evidence and all reasonable inferences in the light most favorable to sustaining the superior court's ruling." *Town of Marana v. Pima Cty.*, 230 Ariz. 142, 152, ¶ 46 (App. 2012).

¶8        Ball's primary contention on appeal is that the summons contained insufficient information to adequately notify him of the court's location, resulting in his telephonic rather than personal appearance thereby limiting his ability to present an adequate defense at the hearing. In a motion filed in this court after submittal of his opening brief, Ball suggests he is entitled to prevail in this appeal based on Ruby's failure to file an answering brief. In our discretion, however, we decline to treat that failure as a concession of reversible error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994). Instead, we consider the merits of the issues Ball has

---

[3] The record shows the summons issued August 13th, the final summons issued, was served on August 14th. It is unclear from the record whether the summons issued August 7th was ever served.

raised on appeal and therefore deny his motion. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

¶9            Arizona Rule of Procedure for Eviction Actions 5(a) requires a summons in an eviction action to include, among other things, the "[n]ame of the court and its street address, city, and telephone number."

¶10            The first summons served on Ball contained the superior court's address. In addition, there was a telephone number listed for legal assistance. However, although the subsequent summons served on Ball contained the name of the court near the top of the summons, it did not provide an address or telephone number. Rather, the subsequent summons, with the same case number and caption as the first summons, merely set forth a new date and time for the special detainer hearing.

¶11            "It has long been recognized, as a principle of law, that the purpose of process is to give the party to whom it is addressed actual notice of the proceedings against him, and that he is answerable to the claim of the plaintiff." *Scott v. G. A. C. Fin. Corp.*, 107 Ariz. 304, 305 (1971). Here, Ball challenges process only to the extent that the summons contained insufficient information to put him on notice of where the special detainer hearing was to take place.

¶12            It is unclear what court location Ball claims to have mistakenly appeared at for the hearing. Indeed, a review of the record identifies no other court location than the court address provided in the initial summons. Thus, although the subsequent summons lacked an address or telephone number for the court, we cannot say the superior court erred by allowing the hearing to proceed as scheduled when Ball was provided the court's address in the first summons.

¶13            Ball further contends that the superior court erred by allowing Ruby to "argue for" a special detainer eviction under A.R.S. § 33-1368 and by awarding damages. However, Ball points to nothing in the record to support his argument, nor does he cite to any supporting legal authority. *See* ARCAP 13(a)(7)(A) ("An 'argument' . . . must contain Appellant's contentions concerning each issued presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies . . . ."); *see also Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 93, ¶ 50 (App. 1998) (declining to address a claim made without supporting authority or argument). Further, Ball has provided no transcript of the proceeding. *See* ARCAP 11(c)(1)(B). In the absence of a transcript, we

presume the missing record supports the superior court's rulings. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005). Based upon this limited record, we find no error by the superior court.

**CONCLUSION**

**¶14**      For the foregoing reasons, we affirm the superior court's judgment.

