IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SARA DO, *Plaintiff/Appellant*,

*v.*

ARIZONA BOARD OF REGENTS, *Defendant/Appellee*.

No. 1 CA-CV 22-0752
FILED 10-19-2023

Appeal from the Superior Court in Maricopa County
No. LC2022-000220-001
The Honorable Daniel J. Kiley, Judge, (Retired)

**REVERSED AND REMANDED**

COUNSEL

Beyers Farrell PLLC, Phoenix
By Michael J. Farrell
*Counsel for Plaintiff/Appellant*

Affeld Grivakes LLP, Los Angeles, California
By Brian R. England
*Counsel for Plaintiff/Appellant*

Osborn Maledon, P.A., Phoenix
By Mary R. O'Grady, Kristin L. Windtberg, Joshua J. Messer
*Counsel for Defendant/Appellee*

---

**OPINION**

Judge Anni Hill Foster delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**F O S T E R**, Judge:

¶1        Statutes that outline procedures for judicial review of administrative decisions provide notice to Arizona's citizens of the requirements when pursuing grievances against the government. Likewise, the government must follow the statutory requirements, including providing proper notice of its resolution of the grievance. This Court is tasked with interpreting those statutes and deciding whether, in this case, the superior court erred in dismissing appellant Sara Do's appeal of a decision made by the Arizona Board of Regents ("ABOR" or "Board") as untimely. Because ABOR, the state agency that oversees Arizona's universities, failed to properly serve Do with its final administrative decision, the time for her to appeal never began. Thus, this Court reverses the decision finding her appeal was untimely and remands to the superior court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        In the Summer of 2021, Do was enrolled in the Arizona State University Edson College of Nursing and Health Innovation ("ASU") when she received a failing "E" grade for her NUR 478 Nursing Practice: Complex Care course. Pursuant to the Edson grievance policy, Do challenged her grade through ASU's informal grievance process on August 19, 2021. When that did not resolve her complaint, Do initiated a formal grievance and a formal hearing was held before the Edson Grievance Committee about two weeks later.

¶3        In an October 19, 2021 email, Associate Dean Kenny forwarded Do an email from Dean Karshmer upholding the failing "E" grade:

> I've carefully reviewed the information provided to me by the Grievance Committee regarding the grievance filed by Ms. Sara Do against Professor Candace Keck in regard to

receiving an E grade for NUR 478 – Nursing Practice: Complex Care in Summer 2021.

I support the recommendation of the Edson Grievance Committee to uphold the grade of E based on evidence presented.

As the Dean's designee for academic grievance processes, please inform Ms. Do of my decision.

Edson's grievance policy stated that the Dean's decision was final.

**¶4** Almost nine months later, Do filed a Notice of Appeal for Judicial Review of Administrative Decision ("Administrative Appeal") in superior court. ABOR moved to dismiss the action for lack of subject matter jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-904. The superior court granted the Board's motion and entered judgment, finding Do's appeal untimely under section 12-904 and noting it was bound by *United Farm Workers of Am., AFL-CIO v. Arizona Agr. Emp. Rels. Bd.*, 149 Ariz. 70, 73 (App. 1986) ("*UFW*"). Do timely appealed the superior court's judgment.

## DISCUSSION

**¶5** This Court reviews the interpretation of rules and statutes *de novo. Shea v. Maricopa Cnty.*, 255 Ariz. 116, 119, ¶ 11 (2023). In doing so, this Court "turn[s] first to the text because unambiguous text is dispositive." *Id.* at 120-21, ¶ 19 (quoting *State ex rel. Brnovich v. City of Phx.*, 249 Ariz. 239, 244, ¶ 21 (2020)). Courts have "no authority to extend a law beyond the fair and reasonable meaning of its terms"; rather, "it is the duty of all courts to confine themselves to the words of the Legislature—nothing adding thereto." *State ex rel. Ariz. Dep't of Revenue v. Tunkey*, 254 Ariz. 432, 438, ¶ 28 (2023) (Bolick, J., concurring) (quoting *Flowing Wells Co. v. Culin*, 11 Ariz. 425, 429 (1908)).

**¶6** Do contends her Administrative Appeal was timely because the 35-day window to appeal under section 12-904(A) never began to run. She argues ABOR never served her with the final decision, instead only emailing it to her, which failed to satisfy the statutory requirement of personal delivery or certified mailing. *See* A.R.S. § 12-904(A).

**¶7** The relevant portion of section 12-904(A), which specifies that the time to challenge an administrative decision is triggered when "the decision sought to be reviewed is upon the party affected," states:

> The method of service of the decision **shall** be as provided by law governing procedure before the administrative agency, or by a rule of the agency made pursuant to law, **but if no method is provided a decision shall be deemed to have been served when personally delivered or mailed by certified mail** to the party affected at the party's last known residence or place of business.

(Emphasis added.) Neither party cites any other statute or administrative rule that addresses service in this context and the Court finds none. Because section 12-904(A) is the default statute when no other law or rule governs, its text is what applies. Failure to timely file an action to review a final agency decision bars the parties "from obtaining judicial review of the decision." A.R.S. § 12-902(B).

**¶8**        Citing *Scott v. G. A. C. Fin. Corp.*, ABOR counters that Do had actual notice of ASU's final decision, which satisfied the statutory purpose, and Do suffered no prejudice. 107 Ariz. 304, 305 (1971) **(**"[T]he purpose of process is to give the party to whom it is addressed actual notice."). But email did not exist when *Scott* was decided. Even then, the *Scott* court supported its holding with Arizona Rule of Civil Procedure 4(d)(1), which (as it read in 1971), provided for service by leaving documents at a party's "dwelling house or usual place of abode." *Id.* Citing *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), the *Scott* court adopted a reading of Rule 4(d)(1) that "[n]o hard and fast rule can be fashioned" to define "dwelling house or usual place of abode," but that "the practicalities of the particular fact situation determine whether service meets the requirements of 4(d)(1)." *Scott*, 107 Ariz. at 306. No such ambiguity exists in section 12-904. *Scott* is not applicable.

**¶9**        Both the Board and the superior court relied on this court's 1986 opinion holding a plaintiff who received an agency's decision "by ordinary mail and not by registered mail or personal service" was nonetheless "served within the meaning of § 12-904" even though "improperly served." *United Farm Workers*, 149 Ariz. at 73. While *UFW* addressed the issue of service under section 12-904, the court provided no authority for its conclusion. Arizona's Supreme Court "ha[s] long held that, where no party is misled or prejudiced, *non-statutory* defects in a timely notice of appeal do not preclude jurisdiction." *Shea*, 255 Ariz. at 120, ¶ 16 (emphasis added) (citation omitted). But here, the requirement is one enacted by the Legislature. It is not this Court's role to rewrite the statute, especially when the statutory language is clear. *Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 226 Ariz. 345, 349, ¶ 17 (2011).

**¶10**        Do contends that *Thielking v. Kirschner*, 176 Ariz. 154 (App. 1993), overruled *UFW* and therefore both the Board's and the superior court's reliance on it are misplaced. But *Thielking* is not instructive. Though the case examined section 12-904 extensively, it concerned whether extra days for mailing could be included in the time frame, not the issue presented here. *Thielking*, 176 Ariz. at 157-160. *Thielking* did not address whether actual notice sufficed in lieu of conformance to statutory notice requirements in section 12-904.

**¶11**        Even if the *UFW* analysis was correct when decided, unlike the superior court, this Court is not bound by *UFW*. "The trial judge, of course, was obliged to follow *UFW*; [this Court] owe[s] it only our respectful consideration." *Thielking*, 176 Ariz. at 162. Having found improper service under the statute, the Court in *UFW* stated service was sufficient merely because plaintiff "did receive" the administrative decision. This Court declines to follow *UFW* insofar as it holds that actual notice excuses statutory compliance. The statute expressly states service via personal delivery or certified mail are the default methods unless another law or rule applies. ABOR does not contend that such a law or rule applies, and this Court finds none.

**¶12**        "Certified mail" is commonly understood as a service provided by the United States Postal Service where the sender is given a receipt of the mailing and a subsequent verification after the article is delivered. *See Jones v. Flowers,* 547 U.S. 220, 247 (2006) (Alito, J., dissenting). This method provides the opportunity for parties to challenge or defend whether notice was proper. *Id.* Because the email sent to Do does not meet this definition, it does not meet the requirement of section 12-904. The second option for providing service under the statute allows for "personal delivery." While Title 12, Article 6, Chapter 7, section 12-901 provides definitions applicable to the chapter, the phrase "personal delivery" is not defined. Other statutes in Arizona's code use the phrase "personal delivery," but it is followed by a clause that states, "or by any other method that is reasonably calculated to give actual notice." *See, e.g.*, A.R.S. § 15-534.03. If section 12-904 contained such a clause, the Board's argument would be compelling. Without that clause, this Court will not read language into section 12-904 that the Legislature has not put there.

**¶13**        Finally, section 12-903 delegates authority to the Supreme Court to "make rules of pleading, practice and procedure supplementary to but not inconsistent with the provisions of this article" which could arguably provide for clarification on what constitutes "personal delivery" under section 12-904. A.R.S. § 12-903. Under this authority, the Supreme

Court adopted the Rules of Procedure for Judicial Review of Administrative Decisions ("JRAD"). Those rules, though, only apply once a final administrative decision is appealed to the superior court. *See* JRAD 1(a). Even though Rule 2 of the JRAD dictates that service be consistent with Arizona Rule of Civil Procedure 5 allowing for "delivering it by any other means, including electronic" with the consent of the receiving party, the Board's argument that actual notice was sufficient is flawed. Reading section 12-904 together with the JRAD provides no guidance to assist in defining "personal delivery" in any way other than handing the decision to the recipient.

¶14 While this state's Supreme Court in other contexts has determined that actual notice is sufficient to meet due process requirements, *see, e.g.*, *Scott*, 107 Ariz. at 306, it has also stated: "Statutes . . . creating a special procedure for the protection of personal rights must be strictly followed and the failure of either party to comply therewith loses whatever rights the law was intended to protect." *Tempe Union High Sch. Dist. v. Hopkins*, 76 Ariz. 228, 233 (1953) (citation omitted). Actual notice does not meet the requirements of section 12-904. The plain language of section 12-904 is unambiguous.

¶15 Under section 12-904(A), service of the agency's final decision is only effective upon personal service or via certified mail, which means the 35-day time for appealing does not start until proper service of the decision has been accomplished.

¶16 ABOR references the unpublished decision *Minor v. City of Scottsdale* from this Court last year to support its position that service was sufficient. 1 CA-CV 21-0450, 2022 WL 774874 (Ariz. Ct. App. Mar. 15, 2022). *Minor* is not binding on this Court, although it may be considered for its persuasive value. Ariz. R. Sup. Ct. 111(c)(1)(C). *Minor* cited *UFW* and other cases for the general proposition that a party may be served upon receiving actual notice in lieu of strict compliance with service under a statute. *Minor*, 1 CA-CV 21-0450, at *5, ¶ 25. But *Minor* is distinguishable from *UFW* and this case. The *Minor* court determined that section 12-904 did not apply to the defendants in that case and instead applied the Arizona Rules of Civil Procedure. *Id.* at *3, ¶ 16, *4, ¶ 19. *Minor*'s citation to *UFW* stands merely for the principle that actual notice may compensate for improper notice in circumstances when section 12-904 is not applicable.

¶17 While other Arizona cases have permitted actual notice in lieu of strict notice compliance, many have dealt with notice under procedural rules instead of statutes. In *Scott*, the Court reviewed service under then

Arizona Rule of Civil Procedure 4(d)(1), specifically addressing whether a party was served at his "dwelling house or usual place of abode." *Scott*, 107 Ariz. at 305-06. The Court determined that if a party received actual notice, then the court's construction of the Rule should be broad. *Id.* at 306; *see also Marks v. LaBerge*, 146 Ariz. 12, 15 (App. 1985). In a case involving the Arizona Rules of Family Law Procedure, this Court took a similar approach, holding that "strict technical compliance with rules governing service may be excused when the court has already acquired jurisdiction over the receiving party and that party receives actual, timely notice." *Kline v. Kline*, 221 Ariz. 564, 570, ¶ 21 (App. 2009).

**¶18**        Two other cases applied an actual notice standard in lieu of technical adherence to statutory notice but did so independent of section 12-904. In *Matter of Estate of Dobert*, a life-insurance company received notice by regular mail and facsimile at an auxiliary office that a policy owner divorced his beneficiary. 192 Ariz. 248, 250, ¶ 3, 255, ¶ 29 (App. 1998). The applicable statute required personal service or certified mailing to the company's main office. *Id.* at 254, ¶ 26. The court followed "the general rule that 'one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice.'" *Id.* at 255, ¶ 32 (quoting *Matter of Est. of Ivester*, 168 Ariz. 323, 327 (App. 1991)). Similarly, in *Ivester*, the relevant statute required personal service or service by regular mail, but the party received actual notice. 168 Ariz. at 327.

**¶19**        By contrast, Arizona cases have, from time to time, found actual notice insufficient, particularly when statutes govern notice. Before statehood and adoption of the Rules of Civil Procedure, the Supreme Court dealt with a case where a stranger told a party "that the stranger had been served with process in a case against the" party. *Nat'l Metal Co. v. Greene Consol. Copper Co.*, 11 Ariz. 108, 113 (1907). In that scenario, the court held the party "nevertheless could appropriately ignore the matter[] and assume that the court would not proceed to judgment until service should be made." *Id.* While acknowledging that informal or deficient service could provide notice, the court held "where there is no service there is no notice, irrespective of any knowledge which the defendant may acquire informally." *Id.* And when construing statutory service on a nonresident motorist, this Court found "failure to comply with the statutes and rules concerning legal notice to (or service of process upon) the defendants" meant that the trial court lacked jurisdiction to enter judgment against them. *Stinson v. Johnson*, 3 Ariz. App. 320, 321 (1966). The court stressed that such statutes are "in derogation of the common law and must be strictly construed." *Id.* at 321-22 (quoting *Lendsay v. Cotton*, 123 So. 2d 745, 746 (Fla. App. 1960) and *Kohler v. Derderian*, 187 F. Supp. 173, 175 (S.D.N.Y. 1960)).

¶20 Section 12-902(B) supports the strict reading of statutory provisions in the article by holding parties to strict compliance with the process outlined for judicial review of administrative decisions. It states that "[i]f under the terms of the law governing procedure before an agency an administrative decision becomes final because of failure to file any document . . . within the time allowed by the law, the decision is not subject to judicial review," with an exception for a challenge to jurisdiction. A.R.S. § 12-902(B). As held in *Tempe Union High Sch. Dist.*, the failure of either party to comply with procedural requirements results in a loss of "whatever rights the law was intended to protect." 76 Ariz. at 233. Section 12-904 provides clear notice of the requirements for service, and due process requires that ABOR must be held to the same standard as Do.

¶21 It is not this Court's role to second guess the plain language enacted by the Legislature when the Legislature has explicitly outlined the procedures that a government agency must follow in a contested proceeding. *See Ballesteros*, 226 Ariz. at 349, ¶ 17. Nor is it this Court's role to take up the role of the Legislature in its decisions; Arizona's Constitution prohibits such endeavors. *See* Ariz. Const. art. 3. ("The powers of the government of the state of Arizona shall be divided into three separate departments…and no one of such departments shall exercise the powers properly belonging to either of the others."). It is especially not so when the Legislature delegated the authority to ABOR, if it so chose, to adopt a rule to provide for service by email. ABOR's statutory defect in service cannot be overcome. Due to the unambiguous meaning of section 12-904(A), this Court holds that ABOR failed to properly serve Do with notice of its final decision and therefore her appeal was timely.

## CONCLUSION

¶22 For the foregoing reasons, this Court reverses and remands to the superior court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA