## No. 12,704.

### Board of County Commissioners of Washington County *v.* Lavington.
(14 P. [2d] 493)

Decided September 12, 1932.

Mr. Frank D. Allen, Mr. Lafayette F. Crawford, Mr. John S. Underwood, Attorney General, Mr. Fred A.

Harrison, Assistant, Mr. Charles Roach, Deputy, for plaintiff in error.

Messrs. Pelton & Chutkow, for defendant in error.

*In Department.*

Mr. Justice Burke, sitting for Mr. Chief Justice Adams, delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as the county and defendant in error as Lavington.

Lavington bought land at a tax sale. Claiming the sale was illegal, he petitioned for a refund of his payments. The county refused, but the district court gave him judgment. To review that judgment the county brings error.

The land in question was sold as the east half of the northeast quarter of section 9. More than forty years ago the owners thereof, deraigning title by mesne conveyances from the United States, had platted this property as part of Grandview addition to the town of Akron, laid out streets and alleys and dedicated them to public use, by filing for record with the county clerk and recorder a map and plat to that effect. These were, however, never filed with the town. It never took any affirmative action with respect thereto and the addition has never been within its corporate limits. After the plat and map were filed lots and blocks in the additions were sold as such to numerous persons. Some of these failed to pay taxes. Their property was sold therefor and bid in by the county. The latter assumed to take deeds by said platted descriptions and so resell. The only attempt to vacate, or pretense of vacating, said plat and dedication, was the passage by the county commissioners of a resolution of vacation, duly entered in the records of the proceedings of the board. Pursuant thereto the county assessor assessed the property here involved as acreage

and in default of payment of taxes it was sold as such to Lavington. The latter paid subsequent taxes and in due time requested and obtained a tax deed. He herein offers to quit claim to the county. The judgment below did not so provide, but gave him his payments with eight per cent interest thereon, amounting to slightly more than $250, plus costs.

It is undisputed that in the absence of a special statute the purchaser at a tax sale buys at his peril. Though he gets nothing he can recover nothing. 26 R. C. L., p. 435; *Mitchell v. Minnequa Town Co.*, 41 Colo. 367, 92 Pac. 678. Lavington here claims his refund under sections 7444 and 7447, C. L. 1921. These are sections 199 and 202, c. 3, p. 146, S. L. 1902. The first provides that where "land has been sold on which no tax was due at the time, the county shall hold the purchaser harmless," and the second that if any person pay an illegal or erroneous tax, "the board of county commissioners shall refund the same."

Before Lavington can claim the protection of either of these provisions he must by his proof bring himself clearly within the terms thereof. This he has not done. If he claims under said section 7444 he must show that "no tax was due" on the land he bought. On this point he makes but two contentions: (a) He says he bought acreage and the tax was due on lots. The answer is that he bought a tract of land whose location and identity were unquestioned; that a tax was due on most of it is also unquestioned. That fact is unaffected by mere method of description. Had it been known and described as "the Jones ranch" the tax would still be there. (b) He says the streets and alleys, dedicated to the public by the plat, were sold to him, and on these at least "no tax was due," hence he is entitled to a refund of his total payments. But if his entire purchase had been streets and alleys he would still be wrong. When the plat was filed there was no law providing for such platting and dedication outside the territorial limits of

municipal corporations. Hence there was no statutory dedication of these streets and alleys. A common law dedication requires acceptance. There was no acceptance here unless it was by use and occupation, of which there is no evidence. There is even a presumption against use and occupation in view of the fact that the so-called addition lies approximately one mile from the boundaries of the town of Akron, which in forty years has never seen fit to extend its corporate limits to include it.

■ Section 7447, supra, is expressly limited to taxpayers; tax purchasers can claim nothing under it. Counsel for Lavington say the rule should be equally liberal for both. Perhaps, but the Legislature makes the rule and it has seen fit to differentiate.

Since no statute relieves Lavington's purchase from the applicability of the rule of caveat emptor, it is unnecessary to examine other numerous and interesting questions raised and argued by these briefs.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff in error.

Mr. Justice Hilliard and Mr. Justice Alter concur.