928 P.2d 693

**SUZICO, INC., a Kansas corporation, Plaintiff–Appellant,**

v.

**MARICOPA COUNTY; Douglas Todd, Maricopa County Treasurer, Defendants–Appellees.**

**No. 1 CA–CV 95–0022.**

Court of Appeals of Arizona, Division 1, Department A.

June 18, 1996.

Review Denied Dec. 17, 1996.

Paul S. Harter, P.C. by Paul S. Harter and Alicia Mykyta, Phoenix, for Appellant.

Richard M. Romley, Maricopa County Attorney by Barbara Lee Caldwell, Deputy County Attorney, Phoenix, for Appellees.

## OPINION

WEISBERG, Judge.

We affirm the trial court's judgment that Maricopa County need not pay interest to the purchaser of a real property tax lien for the time that Maricopa County held the purchaser's funds when the sale was later rescinded because the property owner had filed

for bankruptcy protection prior to the date of the sale.

## FACTS AND PROCEDURAL HISTORY

■ On review of the trial court's grant of summary judgment, we view the facts and the inferences to be drawn from those facts favorably to Appellant Suzico, Inc. ("Suzico"), the party against whom judgment was granted. *Hill–Shafer Partnership v. Chilson Family Trust,* 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990). We review the application of Arizona law to these facts *de novo. Gonzalez v. Satrustegui,* 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App.1993).

Orchard Partners Limited Partnership ("Orchard Partners"), owner of a parcel of real property (the "property") located within Maricopa County (the "County"), failed to pay the first half of the 1991 property taxes due on October 1, 1991. On February 25, 1992, Orchard Partners filed a Chapter 11 Bankruptcy Petition. Orchard Partners subsequently failed to pay the property taxes for the second half of 1991, due on March 1, 1992.

On February 25, 1993, the County held its annual tax lien sale, and Suzico was the successful bidder for the 1991 tax lien on the property. Suzico paid $58,666.73, and the County issued it a Certificate of Purchase. In November 1993, the County directed Suzico to surrender the Certificate because the property was an asset in a bankruptcy case, and was protected by the Bankruptcy Code's automatic stay. *See* 11 U.S.C. § 362(a). After Suzico surrendered the Certificate, the County issued a refund in the exact amount of the purchase price.

When the County refused to pay interest on this amount for the nine months that it had held Suzico's payment, Suzico filed suit against the County and the Maricopa County Treasurer.[1] The parties filed cross-motions for summary judgment and the trial court granted summary judgment in favor of the County. Suzico has timely appealed the judgment.

1. The County and the County Treasurer, collectively, will be referred to hereinafter as the "County."

## DISCUSSION

■ Suzico argues that it is entitled to interest on the refunded purchase price pursuant to a) Ariz.Rev.Stat. Ann. ("A.R.S.") section 42–404, which requires the payment of interest when the County sells a tax lien by mistake or wrongful act, and b) the principle of unjust enrichment. The County responds that A.R.S. section 42–404 does not apply in this case, and that a tax lien purchaser is entitled to interest only when an Arizona statute specifically provides for such payment. We agree with the County.

A.R.S. section 42–404 provides that a tax lien purchaser is entitled to a refund of the purchase price plus twelve percent interest per annum on that amount, but only under specific circumstances:

> When by mistake or wrongful act of the county treasurer, recorder or assessor, or as a result of double assessment, a real property tax lien has been sold on property *on which no tax was due at the time,* the county treasurer shall hold the purchaser harmless by paying him the amount of the principal and interest at the rate of twelve per cent per year simple....

A.R.S. § 42–404 (emphasis added). Suzico argues that selling the tax lien on the property was either a mistake or a wrongful act, and that, because Orchard Partners' assets were protected by the automatic stay, no tax was due on the date of the sale. We, however, conclude that, regardless whether the County's sale of the tax lien was mistaken or wrongful, the statute is inapplicable because taxes were due on the property at the time of the sale to Suzico.[2]

■ Under Arizona law, a lien for property taxes attaches to the property on January 1, A.R.S. § 42–312(B), and taxes are levied in August, A.R.S. § 42–304(B). The first half payment is due on October 1 and delinquent on November 1; the second half payment is due on March 1 of the following year and delinquent on May 1. A.R.S. §§ 42–342(B)(2),(3), 42–381(A). Although the lien is

2. We therefore do not consider whether the sale of the tax lien was a mistake or wrongful act.

inchoate as of January 1, it is perfected by operation of law. See *In re Ecology Paper Products Co.*, 17 B.R. 281, 283 (Bankr.D.Ariz. 1982); *Tucson Elec. Power v. Apache County*, 185 Ariz. 5, 912 P.2d 9, 22 (App.1995) (property taxes imposed by operation of law).

■ Suzico argues that, because Orchard Partners filed for bankruptcy before the second half payment became due under A.R.S. section 42–342, the bankruptcy stay prevented the taxes from being due. But Suzico confuses the automatic stay's effect on the enforcement of an obligation with the existence of that obligation. The tax existed on Orchard Partners' property from the time it was levied, although payment of the obligation was not required until the statutory due dates. Although not required, the second half property taxes "may be paid at the time the first installment is due and payable." A.R.S. § 42–342(B)(5).

The automatic stay prevented the County from post-petition attempts to collect the tax obligation prior to obtaining relief from the stay. 11 U.S.C. § 362(a); *Tucson Elec. Power*, 185 Ariz. at 19, 912 P.2d at 23. Although the statutory due date for 1991's second half payment was after the date Orchard Partners filed its petition, the due date was not erased because of the automatic stay; only the *enforcement* of that obligation was stayed. Cf. *Tucson Elec. Power*, 185 Ariz. at 17–20, 912 P.2d at 21–24 (county's filing motion to dismiss debtor's tax challenge was void as a continuation of collection proceedings). The taxes, therefore, were "due" prior to the date of the tax lien sale, and Suzico's claim for interest does not meet the second criterion for relief under A.R.S. section 42–404.

■ Suzico next argues, without authority, that A.R.S. section 42–404 imposes a duty upon the County to investigate and determine whether the property is subject to a bankruptcy petition. We, however, disagree.

The duty imposed upon the County by the statute is limited to determining whether taxes are due on the property. The language of the statute clearly implies that the legislature was concerned only with the County's failure to accurately track the existence of taxes on the property. Nothing in the statute suggests that the legislature also was concerned that the County might fail to discover a bankruptcy stay affecting the collectibility of the tax. Accordingly, the legislature did not impose an obligation to pay interest in such circumstances.

■ Suzico lastly argues that the principle of unjust enrichment requires the County to pay interest for the period it benefited from Suzico's funds. Suzico, however, cites no authority applying the principle of unjust enrichment to facts similar to this case; nor have we found such authority. Moreover, if such obligation did exist apart from a statute, it would render the interest payment obligation of A.R.S. section 42–404 superfluous.

■ We therefore conclude that, in the context of a tax lien sale, the County must pay interest only if it is statutorily required to do so. *See Board of Commissioners v. Lavington*, 91 Colo. 252, 14 P.2d 493 (1932); cf. *Richards v. Green*, 3 Ariz. 227, 234, 32 P. 266, 269 (1890) (no interest on taxes unless statute imposes), *abrogated on other grounds, Mason Dry Goods Co. v. Ackel*, 30 Ariz. 7, 243 P. 606 (1926). In Arizona, the purchaser of a tax certificate, like the purchaser of property at an execution sale, must protect its own interests in the recognition that its purchase is not risk free. *See Copper Belle Mining Co. v. Gleeson*, 14 Ariz. 548, 553, 134 P. 285, 287 (1913) (execution sale purchaser not entitled to recover purchase money merely because sale did not pass title to the property).[3]

## CONCLUSION

Because taxes were due on the property as of the date of sale, Suzico is not entitled to interest under A.R.S. § 42–404. We therefore affirm the trial court's judgment.

CONTRERAS, P.J., and TOCI, J., concur.

---

**3.** We also note that Suzico argues on appeal that the County did not have the statutory authority to refund the sale proceeds. We do not address this issue, however, because it was not raised below.