222 P.3d 920

**John RITCHIE, Plaintiff/Appellee,**

v.

**SALVATORE GATTO PARTNERS, L.P., an Arizona limited partnership, Defendant/Appellant.**

**No. 1 CA–CV 08–0800.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 5, 2010.

---

Baumann, Doyle, Paytas & Bernstein, P.A. By Michael J. Doyle, Gary T. Doyle, Phoenix, Attorneys for Plaintiff/Appellee.

Richard F. Faerber, Scottsdale, Attorney for Defendant/Appellant.

## OPINION

WINTHROP, Judge.

¶ 1 Salvatore Gatto Partners, L.P. ("Appellant") seeks relief from a superior court judgment awarding attorneys' fees and costs to John Ritchie ("Appellee"). The question on appeal is whether an award of attorneys' fees and costs pursuant to Arizona Revised Statutes ("A.R.S.") section 42–18206 (2006) may be triggered by initiating service of process via publication or is available only after completion of the publication process under Arizona Rule of Civil Procedure ("Rule") 4.1(n). For the following reasons, we hold that entitlement to an award under the statute requires completion of service and, accordingly, reverse the trial court's judgment.

## INTRODUCTION

¶ 2 In Arizona, "a tax that is levied on real or personal property is a lien on the assessed property." A.R.S. § 42–17153 (2006). To secure the payment of delinquent taxes on real property, A.R.S. § 42–18101 (2006) allows county treasurers to sell tax liens, which are interest bearing investments. *Sun Valley Fin. Servs., L.L.C. v. Guzman*, 212 Ariz. 495, 496, ¶ 3, 134 P.3d 400, 401 (App.2006). The purchaser of a tax lien receives a certificate of purchase that ultimately may entitle the holder to a deed on the real property if certain statutory conditions are met. A.R.S. § 42–18118 (2006); *see Sun Valley Fin. Servs.*, 212 Ariz. at 496, ¶ 3, 134 P.3d at 401. The owner, owner's agent, assignee, or attorney, or any person with a legal or equitable claim to the property, including the holder of a certificate of purchase, may redeem the tax lien by paying the delinquent taxes, accrued interest, and other statutory fees to the county treasurer. A.R.S. §§ 42–18151 & 42–18153 (2006 & Supp.2008). If the tax lien is not redeemed within three years of purchase, the purchaser of the lien may bring an action in superior court to foreclose the property owner's right to redeem. A.R.S. § 42–18201 (Supp.2008). If the property is redeemed after the initiation of a foreclosure action and "the person who redeems has been served personally or by publication in the action," the redeemer must pay the lien holder's costs, including attorneys' fees. A.R.S. § 42–18206.

## FACTS AND PROCEDURAL HISTORY

¶ 3 Appellee owned a tax lien certificate of purchase on property located in Mohave County and owned by Vanetta Jean Geyer. On May 10, 2007, Appellee filed a complaint for judicial foreclosure on the property pursuant to A.R.S. § 42–18201. Two weeks la-

ter, on May 24, Appellee initiated service of process, publishing the pertinent information in the *Kingman Daily Miner* once per week for four weeks.[1] The day after the first publication,[2] on May 25, John Kizzire obtained Geyer's interest in the property by quit claim deed. Kizzire then transferred his interest in the property to Appellant, who recorded such interest on June 8, 2007. On the same day, Appellant redeemed Appellee's certificate of purchase pursuant to A.R.S. § 42–18151. Thus, Appellant redeemed the property approximately two weeks before June 24, 2007, the date service by publication would have been "complete." *See* Ariz. R. Civ. P. 4.1(n).

¶ 4 On August 29, 2007, Appellee filed a complaint seeking to recover attorneys' fees and costs under A.R.S. § 42–18206. Appellant denied that the statute applied, and the parties filed cross-motions for summary judgment. Following oral argument, the trial court ruled in Appellee's favor, entering a judgment for costs and fees totaling $7,080.20.[3] The court reasoned, "Under [Appellant's] theory, when plaintiff serves by publication, a defendant who is unknown to plaintiff receives a grace period of 30 days to redeem, that being the time from first publication to completion of service." Requiring the Appellant to pay costs and attorneys' fees as soon as the first publication takes place "satisfies due process by giving a defendant who is unknown to plaintiff notice of the proceedings.... The purpose of the statute is not served by allowing unknown defendant's [sic] a 30 day grace period to redeem after the initial notice."

¶ 5 Appellant filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. §§ 12–120.21 (2003) and 12–2101 (2003).

## ANALYSIS

¶ 6 Appellant argues that since service was not complete at the time of redemption, the statutory prerequisite was not met; accordingly, the trial court should not have ordered Appellant to pay Appellee's attorneys' fees. We apply a *de novo* standard of review to the issue of law that the parties raise. *See Sun Valley Fin. Servs.,* 212 Ariz. at 499, ¶ 17, 134 P.3d at 404; *Cranmer v. State,* 204 Ariz. 299, 301, ¶ 8, 63 P.3d 1036, 1038 (App.2003) ("We review the interpretation of statutes and court rules de novo."). *See also Lamb Excavation, Inc. v. Chase Manhattan Mortgage Corp.,* 208 Ariz. 478, 480, ¶ 5, 95 P.3d 542, 544 (App.2004).

¶ 7 Section 42–18203 (2006) states that the "rules of civil procedure control the proceedings in an action to foreclose the right to redeem[.]" Thus, resolution of the issue turns on the interaction between § 42–18206 and Rule 4.1(n). Our primary goal when interpreting a statute or rule is "to fulfill the intent of the legislature that wrote it." *Bilke v. State,* 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003) (citations omitted). If possible, we interpret statutes and court rules by looking to the "plain language." *Bilke,* 206 Ariz. at 464, ¶ 11–12, 80 P.3d at 271 ("In determining the legislature's intent, we initially look to the language of the statute itself."). *See State v. Baca,* 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996) ("[I]n construing court rules, we apply principles of statutory construction."); *Phoenix of Hartford, Inc. v. Harmony Rest., Inc.,* 114 Ariz. 257, 258, 560 P.2d 441, 442 (App.1977) ("Our rules of procedure and statutes should be harmonized wherever possible and read in conjunction with each other.").

¶ 8 Section 42–18206 directs one seeking to foreclose on a tax lien to serve the owner with the petition or complaint either person-

---

1. The superior court file contains an affidavit from a private investigator detailing some unsuccessful efforts to locate Ms. Geyer so that personal service could be attempted.

2. Rule 4.1(n) requires that service be made "by publication of the summons, and of a statement as to the manner in which a copy of the pleading being served may be obtained, at least once a week for four successive weeks[.]"

3. It appears that most of the attorneys' fees requested and at least some of the costs were incurred after the complaint was filed, and particularly relate to the summary judgment proceedings. However, Appellant lodged no objection to the nature or extent of the fees and costs awarded, and that issue is not before us on appeal.

ally or by publication. Obviously, the two forms of authorized service are quite different. For personal service, a process server will typically deliver a copy of the summons and complaint to the named party, or leave it at that person's residence with an individual of suitable age and discretion who is also residing there. *See* Ariz. R. Civ. P. 4.1(d). Personal service is usually preferred, as it insures that the named party receives actual and timely notice of the action. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("Personal service of written notice within the jurisdiction is the classic form of notice [and is] always adequate in any type of proceeding"). Under certain circumstances, however, alternative forms of service may be utilized. *See* Ariz. R. Civ. P. 4.1(m), (n); *see also Barlage v. Valentine,* 210 Ariz. 270, 277, ¶ 25, 110 P.3d 371, 378 (App.2005) (listing examples of alternatives to personal service for purposes of conveying notice). Service by publication is one of those alternative forms. *See* Ariz. R. Civ. P. 4.1(n).[4] It is axiomatic that actual notice via publication is less certain and, typically, a person seeking to utilize service by publication must demonstrate that personal service was either not practicable, because either the person's whereabouts in the state are currently unknown, or that person was actively avoiding attempts to achieve personal service. *See id. See also Preston v. Denkins,* 94 Ariz. 214, 222, 382 P.2d 686, 691 (1963) (due diligence in determining allegedly unknown residence of defendant as a fact is prerequisite to the jurisdiction of court to enter a default judgment upon service by publication); *Omega II Inv. Co. v. McLeod,* 153 Ariz. 341, 342, 736 P.2d 824, 825 (App.1987) ("It is well settled that a finding of due diligence prior to service by publication is a jurisdictional prerequisite. Where the location of record owners of property was readily available, ... 'the condition giving a plaintiff the right to invoke [service by publication] did not exist.'" (citations omitted)).

¶ 9 Here, § 42–18206 authorizes service by publication when a holder of a tax lien seeks to foreclose on the property owner's interest. Once that service option is elected, however, the provisions of Rule 4.1(n) must be met. Accordingly, such service is initiated by publication of the summons—and a statement as to the manner in which a copy of the subject pleading being served may be obtained—at least once a week, for four consecutive weeks, in a newspaper published in the county where the action is pending and also, if the last known residence of the defendant is in a different county, in a newspaper published in the county of the defendant's last known address. Ariz. R. Civ. P. 4.1(n). A copy of the summons and complaint must also be mailed to the defendant's last address, if known. *Id.* Assuming these conditions are met, service by publication is considered "complete thirty days after the first publication."[5] *Id.* Under these circumstances, the safeguards of due process are considered satisfied, and the action may proceed as if the defendant was personally served. *See Master Fin., Inc. v. Woodburn,* 208 Ariz. 70, 71, ¶ 1, 90 P.3d 1236, 1237 (App.2004) (holding that service by publication satisfies due process principles when a plaintiff pursuing a money judgment against a defendant whose residence is unknown but whose last known residence was within the state serves by publication in accordance with Rule 4.1(n)).

¶ 10 Ms. Geyer or her successors had the right to redeem the subject tax liens as provided by the statutory scheme. *See* A.R.S. § 42–18151. In addition to paying the taxes, penalties, and interest attendant to redeeming the lien, the statute prescribes an

---

4. The decision whether to pursue personal service or service by publication is that of the plaintiff, not the court. Ariz. R. Civ. P. 4.1(n). Because the court does not preauthorize service by publication, the determination whether publication constitutes adequate service is made later in the case. *See also Roberts v. Robert,* 215 Ariz. 176, 181, ¶¶ 22–24, 158 P.3d 899, 904 (App. 2007).

5. Rule 4.1(n) also requires the filing of an affidavit showing the manner and dates of the publication and mailing, and the circumstances warranting the use of service by publication, "which shall be prima facie evidence of compliance" with the rule. Neither party contends here that any of the procedural requirements of Rule 4.1(n) were not met.

additional penalty of costs and attorneys' fees incurred if the redemption takes place after service of the foreclosure complaint. *See* A.R.S. §§ 42–18153 & 42–18206. Here, such redemption occurred before the conditions to perfect service by publication were met and, accordingly, before service of process was "complete." Appellee contends, and the trial court found, that the right to recover costs and fees was triggered by merely initiating, but not completing, service of process. We disagree.

¶ 11 Personal service is "complete" once the summons and complaint has been personally delivered. *See* Ariz. R. Civ. P. 4.1(d). *Cf. Safeway Stores, Inc. v. Ramirez*, 99 Ariz. 372, 381, 409 P.2d 292, 298 (1965) (service was insufficient where defendant was never personally delivered a copy of summons and complaint, nor was a copy left at her dwelling and she had never seen a copy or obtained knowledge of the suit before judgment); *Liberty Mut. Ins. Co. v. Rapton*, 140 Ariz. 60, 62–63, 680 P.2d 196, 198–99 (App.1984) (service on person of suitable age and discretion at person's residence includes service on such person within reasonable proximity and on same tract of land as residence). As noted above, service by publication is "complete" thirty days after the first publication, and assuming the notice was published once a week for four successive weeks during that thirty day period. *See* Ariz. R. Civ. P. 4.1(n).

█ ¶ 12 There is an obvious reason for different completion dates applying to the two different methods of service. Personal service insures that the defendant has received actual notice at the moment that the documents are delivered to him or at his usual abode. Actual notice via publication is, without question, less certain. The law presumes that actual or constructive notice via publication is not received until all conditions of Rule 4.1(n) have been met. Accordingly, before due process allows service via publication to be considered complete, the notice must be repeatedly published in the county where the subject property and/or the defendant are located. It goes without saying that incomplete personal service is not considered adequate or perfected for purposes of triggering obligations or deadlines established under our rules of civil procedure, or as

contained in our statutes that require service of process. *See Melton v. Superior Court*, 154 Ariz. 40, 42, 739 P.2d 1357, 1359 (App. 1987) (despite fact that petitioner received actual notice of proceedings from his employer, delivery of summons to place of employment when petitioner was not present was not abode service and was therefore imperfect personal service under Arizona Rules of Civil Procedure). Similarly, incomplete service by publication is neither adequate nor perfected for purposes of triggering deadlines or obligations such as those created in § 42–18206.

█ ¶ 13 We have previously recognized that tax lien purchases involve inherent risks, and that the burden is on the purchaser to protect his interests. *See PLM Tax Certificate Program 1991–92, L.P. v. Schweikert*, 216 Ariz. 47, 51, ¶ 23, 162 P.3d 1267, 1271 (App.2007); *Suzico, Inc. v. Maricopa County*, 187 Ariz. 269, 272, 928 P.2d 693, 696 (App.1996). Tax liens are "creatures of statute over which the legislature has plenary authority." *PLM Tax Certificate Program*, 216 Ariz. at 51, ¶ 23, 162 P.3d at 1271. Until the legislature otherwise speaks on the issue, or the court rule is amended, this burden extends to a lien holder's right to recover costs and attorneys' fees under A.R.S. § 42–18206. Applied to this case, we find that when Appellee elected to serve Appellant by publication, Appellee bore the risk that redemption might occur before service was complete, in which case, he would then not only lose the opportunity to foreclose the lien, but also would have to bear his own costs and attorneys' fees.

**CONCLUSION**

¶ 14 For the foregoing reasons, we reverse the superior court's judgment granting Appellee attorneys' fees and costs. Service by publication was not complete, and was therefore not effective, on the date that Appellant redeemed the property.

CONCURRING: PETER B. SWANN, Presiding Judge and MICHAEL J. BROWN, Judge.