McMURDIE, Judge:
*1110 ¶ 1 Russell Ruffino and Clients on Demand LLC (collectively, "Ruffino") appeal from a superior court order setting aside a default judgment against Melayna Lokosky. Because Ruffino had access to Lokosky's email address, phone number, and social media accounts, we hold under Arizona Rule of Civil Procedure 4.1(l )(1) that service by publication without first attempting to communicate with Lokosky by any of those channels did not constitute "reasonably diligent efforts" to obtain her address; therefore, publication was not the "best means practicable" to provide notice of the lawsuit. We affirm the superior court's order setting aside the default judgment against Lokosky as void for lack of jurisdiction.
FACTS AND PROCEDURAL BACKGROUND
¶ 2 In December 2015, Ruffino filed a complaint against Lokosky alleging false advertising and unfair competition, defamation, false light invasion of privacy, and tortious interference, all arising from a series of online posts authored by Lokosky. Lokosky's posts were on a website she owned and operated, as well as on other social media platforms.
¶ 3 After filing the complaint, Ruffino attempted to serve Lokosky. Ruffino's process server conducted a "skip trace," which showed three possible addresses in Scottsdale for Lokosky: one on Hartford, one on Mountain Spring, and one on Greyhawk.
¶ 4 The process server first visited the Hartford address, which was where Lokosky lived at the time. Lokosky's mother told the process server that Lokosky did not live there. Next, the process server visited the Mountain Spring address, where the occupant stated she rented the home and Lokosky did not live there. Finally, the process server made six separate attempts at service at the Greyhawk address, but no one answered the door and the home appeared unoccupied.
¶ 5 Ruffino then moved for an order authorizing alternative service, seeking permission to serve Lokosky by posting the complaint on the doors of the Mountain Spring and Hartford addresses and mailing a copy of the summons to those addresses. Alternatively, the motion requested leave to serve by publication.[1] The superior court denied Ruffino's motion, noting that the process server had made only one service attempt at each of the addresses Ruffino was seeking to serve by posting and mailing, and that the attempts were made during the holiday season. Notwithstanding the denial of the motion, after only one more unsuccessful visit to the Hartford address, Ruffino served Lokosky by publication in the Gila Bend Sun. Ruffino did not mail a copy of the summons and complaint to any of the possible addresses. When Lokosky failed to appear, the superior court entered a default judgment against Lokosky awarding Ruffino $264,062.50 in damages and injunctive relief. Ruffino later had the default judgment amended to allow him to secure control of Lokosky's website. Lokosky became *1111 aware of the default judgment when control of her website was transferred. She then immediately appeared and moved for a temporary restraining order to allow her to regain control of the website.[2] In addition, she moved to set aside or vacate the default judgment pursuant to Arizona Rules of Civil Procedure 55(c) and 60(b).[3]
¶ 6 The superior court sought additional briefing on whether to vacate the default judgment. The court authorized limited discovery, and scheduled an evidentiary hearing. During the evidentiary hearing, the superior court made oral findings of fact as follows:
(1) the process server did not identify herself to Lokosky's mother when she attempted service at the Hartford address;
(2) the process server left no documentation at the Hartford address regarding the suit;
(3) Lokosky was not evading service;
(4) Ruffino could have communicated with Lokosky about service through several online channels;
(5) Ruffino did not use any of those channels to let Lokosky know of the suit.
After the hearing, the court granted Lokosky's motion and vacated the judgment based on insufficient service.
¶ 7 Ruffino timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2). See, e.g. , Sullivan & Brugnatelli Advert. Co., Inc. v. Century Capital Corp. , 153 Ariz. 78, 80, 734 P.2d 1034, 1036 (App. 1986) ("An order setting aside ... a default judgment, is appealable as a special order made after a judgment....").
DISCUSSION
¶ 8 Ruffino argues the superior court erred by vacating the default judgment as void for lack of jurisdiction due to improper service. We disagree and affirm.
A. We Review the Granting of a Motion to Vacate a Default Judgment for Lack of Personal Jurisdiction De Novo .
¶ 9 Ruffino argues we review de novo the superior court's grant of a motion to vacate a default judgment because whether a judgment is void is a question of law. Lokosky asserts a superior court's ruling on a Rule 60(b) motion should be reviewed for an abuse of discretion. "Generally, we uphold a trial court's denial of a motion for relief under Rule 60 [ (b) ] absent a clear abuse of discretion," Ezell v. Quon , 224 Ariz. 532, 536, ¶ 15, 233 P.3d 645, 649 (App. 2010) (citing Rosen v. Bd. of Med. Exam'rs , 185 Ariz. 139, 143, 912 P.2d 1368, 1372 (1995) ); see also BYS Inc. v. Smoudi , 228 Ariz. 573, 577, ¶ 14, 269 P.3d 1197, 1201 (App. 2012) ; however, proper service under the rule is a legal question of personal jurisdiction which we review de novo , see Duckstein v. Wolf , 230 Ariz. 227, 233, ¶ 19, 282 P.3d 428, 434 (App. 2012) (citing cases); Ezell , 224 Ariz. at 536, ¶ 15, 233 P.3d at 649. Nevertheless, we defer to the superior court's factual findings, and will not set them aside unless they are clearly erroneous. Huskie v. Ames Bros. Motor & Supply Co., Inc. , 139 Ariz. 396, 401, 678 P.2d 977, 982 (App. 1984).
B. A Judgment is Void if Proper Service of Process is Not Completed.
¶ 10 Rule 60(b)(4) allows a party to move to vacate a default judgment when that judgment is void. "Proper service of process is essential for the court to have jurisdiction over the defendant." Koven v. Saberdyne Sys., Inc. , 128 Ariz. 318, 321, 625 P.2d 907, 910 (App. 1980) (citing Schering Corp. v. Cotlow , 94 Ariz. 365, 385 P.2d 234 (1963) ). Therefore, a judgment is void if it was entered without jurisdiction because of a lack of proper service. Id. (citing Marquez v. Rapid Harvest Co. , 99 Ariz. 363, 409 P.2d 285 (1965) ). When a judgment is void, the court *1112 must vacate it. Springfield Credit Union v. Johnson , 123 Ariz. 319, 323, n.5, 599 P.2d 772, 776, n.5 (1979). "There is no time limit in which a motion under Rule 60 [ (b)(4) ] may be brought; the court must vacate a void judgment or order 'even if the party seeking relief delayed unreasonably.' " Martin v. Martin , 182 Ariz. 11, 14, 893 P.2d 11, 14 (App. 1994) (quoting Brooks v. Consol. Freightways , 173 Ariz. 66, 71, 839 P.2d 1111, 1116 (App. 1992) ).
¶ 11 Under Rule 4.1(l ), service by publication may be made "only if" (1) "the serving party, despite reasonably diligent efforts, has been unable to ascertain the person's current address," or (2) "the person to be served has intentionally avoided service of process," and (3) "service by publication is the best means practicable in the circumstances for providing the person with notice." Ariz. R. Civ. P. 4.1(l ) ; see also Ariz. R. Civ. P. 4.1(k)(3) ("A party may serve by publication only if the requirements of Rule 4.1(l )... are met...."). Further, if the serving party knows the person's address, the serving party must mail the summons and complaint to the person "on or before the date of first publication." Ariz. R. Civ. P. 4.1(l )(3).
C. Ruffino Did Not Make Reasonably Diligent Efforts to Ascertain Lokosky's Address Under the Circumstances, and Lokosky Was Not Evading Service.
¶ 12 In order to serve by publication, Ruffino must first show either he was unable to ascertain Lokosky's current address at the time of service or that Lokosky was intentionally avoiding service. See Ariz. R. Civ. P. 4.1(l )(1)(A). Although the superior court did not specifically find Ruffino had been unable to ascertain Lokosky's current address, we conclude Ruffino did not show he made "reasonably diligent efforts" to ascertain the address. See Ariz. R. Civ. P. 4.1(l )(1)(A)(i).
¶ 13 Ruffino's skip trace was only able to locate three possible addresses for Lokosky. The process server testified at the hearing that she did not believe anyone lived at the Greyhawk address, and the person renting the Mountain Spring address told the process server she did not know who Lokosky was. Under the facts presented, Ruffino knew it was more likely than not that Lokosky lived at the Hartford address. In fact, the process server testified at the evidentiary hearing that she believed Lokosky lived at the Hartford address. Yet, despite having narrowed Lokosky's location to one likely address, Ruffino did not make any effort to communicate with Lokosky to confirm she was residing at that address. See Preston v. Denkins , 94 Ariz. 214, 222, 382 P.2d 686 (1963) (serving party must show jurisdictional fact that residence is unknown, not merely allege the residence is unknown to the plaintiff) (citing Lown v. Miranda , 34 Ariz. 32, 36-37, 267 P. 418 (1928) ).
¶ 14 Ruffino had many conventional ways to contact Lokosky-it is undisputed that he knew her email address, phone number, and how to reach her through social media. Indeed, the lawsuit was based on Lokosky's internet conduct, and Ruffino had previously communicated with Lokosky through these platforms. Still, Ruffino made no attempt via those channels to verify which of Lokosky's suspected addresses was correct. A reasonably diligent effort by Ruffino would have included reaching out to Lokosky via telephone, email, or even social media to verify her correct address.
¶ 15 Further, and notwithstanding Ruffino's argument to the contrary, the superior court did not abuse its discretion by finding Ruffino had failed to prove Lokosky was evading service. Ruffino's process server only attempted service twice at the Hartford address. The first time, the process server left no documentation with Lokosky's mother and did not identify herself as a process server. The second time, no one answered the door. Without more, we cannot hold Lokosky was evading service under the rule. See, e.g. , Walker v. Dallas , 146 Ariz. 440, 444, 706 P.2d 1207, 1211 (1985) ("[S]ervice by publication is constitutionally sufficient where the defendant willfully leaves the state to evade service of process."); Barlage v. Valentine , 210 Ariz. 270, 273-74, ¶¶ 9-11, 110 P.3d 371, 374-75 (App. 2005) (two unsuccessful attempts at service by certified mail were not enough to constitute evasion of service);
*1113 Rouzaud v. Marek , 166 Ariz. 375, 381, 802 P.2d 1074, 1080 (App. 1990) (party was evading service by hiding in a foreign country).
D. Service by Publication Was Not the Best Means Practicable Under the Circumstances.
¶ 16 Even if Ruffino had proven that he made reasonably diligent efforts to obtain Lokosky's address or that Lokosky intentionally avoided service, Rule 4.1(l )(1)(B) and due process impose a requirement that service by publication be the best means practicable to provide notice to the interested party. Master Fin., Inc. v. Woodburn , 208 Ariz. 70, 73, ¶ 15, 90 P.3d 1236, 1239 (App. 2004) (citing Mullane v. Cent. Hanover Bank & Tr. Co. , 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ). Given our present society, we agree with the superior court that modern methods of communication, especially email, were more likely to give Lokosky notice of a suit than publication in a newspaper distributed in a rural area 70 miles from Lokosky's Scottsdale home. See Ritchie v. Salvatore Gatto Partners, L.P. , 223 Ariz. 304, 307, ¶ 8, 222 P.3d 920, 923 (App. 2010) ("It is axiomatic that actual notice via publication is less certain...."); Marks v. LaBerge , 146 Ariz. 12, 15, 703 P.2d 559, 562 (App. 1985) (citing Scott v. G.A.C. Finance Corp., 107 Ariz. 304, 486 P.2d 786 (1971) ) (the purpose of service is to give the other party actual notice of the proceeding). Under these circumstances, the best means practicable to alert Lokosky of the suit and comply with due process was by alternative service. See Ariz. R. Civ. P. 4.1(k)(1).
¶ 17 Availability of alternative means of service is a factor a court must consider when determining if publication was the best means practicable, and a plaintiff serving by publication should be prepared to explain why alternative service would be impracticable. Here, however, Ruffino did not move for leave to serve Lokosky by electronic means, see Ariz. R. Civ. P. 5(c)(2)(D), and, on appeal, he makes no argument that service by publication was in fact the best means to reach Lokosky.[4] In addition, Ruffino did not mail a copy of the summons and complaint to the Hartford address on the date of publication, see Ariz. R. Civ. P. 4.1(l )(3), which is further evidence he did not make a serious effort to apprise Lokosky of the suit before seeking and obtaining a default judgment.
¶ 18 Based on the evidence presented at the hearing, we are not persuaded that Ruffino made reasonably diligent efforts to confirm Lokosky's address, that Lokosky was attempting to avoid service, or that service by publication in the Gila Bend Sun was the best means practicable under the circumstances to notify Lokosky of the lawsuit. Our holding does not require a party serving by publication to search out every channel possible to communicate with the other party before serving by publication. However, when more practicable channels of communication are available, we hold a serving party should first use those channels to attempt to confirm the other party's address, or move for alternative service, before service by publication can be considered the best means practicable under the rule. Accordingly, we affirm the superior court order vacating the default judgment as void for lack of service.[5]
Attorney's Fees and Costs.
¶ 19 Lokosky requests attorney's fees and costs on appeal pursuant to A.R.S. § 12-349. In our discretion, we decline to award Lokosky attorney's fees. Because Lokosky is the prevailing party on appeal, we award her costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.
*1114 CONCLUSION
¶ 20 For the foregoing reasons, we affirm.

Rule 4.1 was restyled in 2017. Neither the former nor current rule require a party to seek leave of the court before serving by publication. See Ariz. R. Civ. P. 4.1(k) (2016); 4.1(k) (2017); Ritchie v. Salvatore Gatto Partners, L.P. , 223 Ariz. 304, 307, ¶ 8, n.4, 222 P.3d 920, 923, n.4 (App. 2010) ; see also 2B Daniel J. McAuliffe & Shirley J. McAuliffe, Arizona Practice, Civil Rules Handbook R 4.1 cmt. 10 (July 2017 update). To serve by publication, a party must simply comply with the procedures set forth in the rule and meet the requirements of either Rule 4.1(l ), 4.1(m), 4.2(f), or 4.2(g). Ariz. R. Civ. P. 4.1(k)(3).

This court has previously resolved an unrelated aspect of the temporary restraining order. See Lokosky v. Superior Court , 1 CA-SA 18-0101, 2018 WL 3150499 (Ariz. App. June 28, 2018) (mem. decision).

Rule 60(b), formerly known as Rule 60(c), was reorganized without substantive change in 2016.

Ruffino also did not request a waiver of service under Rule 4.1(c)(1).

Ruffino also argues the superior court erred by finding Lokosky both acted promptly in filing her motion and demonstrated that she had a meritorious defense. However, there is no time limit for motions pursuant to Rule 60(b)(4). Martin , 182 Ariz. at 14, 893 P.2d at 14. Furthermore, "[i]t is well established that a party need not demonstrate that he [or she] has a meritorious defense to vacate a void default judgment." Corbet v. Superior Court , 165 Ariz. 245, 248, 798 P.2d 383, 386 (App. 1990) (citing Gila Valley Etc. Co. v. Ariz. T. & S. Bank, 25 Ariz. 177, 215 P. 159 (1923) ) ("If the ... default judgment is void, then the trial court ... must grant relief without requiring the party seeking relief to do anything more than to demonstrate that the judgment is void.").