NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ARIZONA BRIGHT FUTURES, LLC, *Plaintiff/Appellee*,

*v.*

DANIEL P. MCDOUGALL, *Defendant/Appellant*.

No. 1 CA-CV 25-0497

FILED 03-23-2026

Appeal from the Superior Court in Mohave County
No. S8015CV202400464
The Honorable Kenneth Gregory, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Daniel P. McDougall, Big Oat Flat, California
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

**M O R S E**, Judge:

¶1        Daniel McDougall ("McDougall") appeals the court's denial of his motion to vacate default judgment and dismiss action. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        McDougall owns a parcel of land located in Mohave County ("Property"). The treasurer of Mohave County sold a certificate of purchase to Arizona Bright Futures, LLC ("Arizona Bright") for the Property to pay delinquent taxes.

¶3        On March 26, 2024, Arizona Bright filed a complaint seeking to foreclose the rights of defendants, including McDougall, because the Property had not been redeemed and three years had passed since the sale to Arizona Bright.

¶4        After being granted two motions to extend service, Arizona Bright filed a motion for publication service in July 2024 because its various attempts at service had been unsuccessful. The court granted this motion because "despite reasonably diligent efforts, all previous attempts to serve [McDougall] ha[d] failed." The court found that service by publication was the best means to notify McDougall and was supported by an affidavit outlining Arizona Bright's efforts. In September 2024, Arizona Bright filed a motion for default judgment against McDougall and requested an Arizona Rule of Civil Procedure ("Rule") 55(b)(2) hearing.

¶5        On November 25, 2024, McDougall redeemed the Property and paid all outstanding costs. On December 9, 2024, the Mohave County Treasurer received notice of the redemption. On December 18, 2024, Arizona Bright filed a similar notice, and, because redemption had occurred, revised its request to seek solely attorney fees of $4,770 and costs of $1,051.84. After the default hearing, the court found that McDougall redeemed the Property before judgment and awarded Arizona Bright its costs and $2,500 in attorney fees under A.R.S. §§ 12-341 and 42-18206.

¶6        On June 6, 2025, McDougall filed a Rule 60(b) motion to vacate the default judgment and to dismiss the action. McDougall argued the action should have been dismissed and the judgment was legally void because he had redeemed the lien. He also argued that Arizona Bright improperly served him because he maintained a "consistent and publicly available mailing address" and Arizona Bright failed to exercise due diligence depriving him of due process. He claimed this address was

available "on record with the California Department of Motor Vehicles and other public agencies" since June of 2023. He asked the court to vacate the default judgment, void any title or interest conveyed through the judgment, and dismiss the complaint.

**¶7** The court denied the motion, stating it was aware of the redemption at the time of the hearing, accordingly "[t]his is why the [c]ourt did not order the property to [Arizona Bright], but instead ordered the requisite [f]ees and costs allowed under A.R.S. § 42-18206."

**¶8** McDougall timely appealed the denial of his motion to vacate and dismiss and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶9** Arizona Bright did not file an answering brief. "When debatable issues exist and an appellee fails to file an answering brief, we may consider such failure a confession of reversible error." *Savord v. Morton,* 235 Ariz. 256, 259, ¶ 9 (App. 2014). Because McDougall does not raise any debatable issues, we do not apply implied confession of error.

**¶10** McDougall argues the court erred in denying his motion for three reasons: (1) service was defective making the judgment void; (2) redemption of the tax lien required a dismissal of the foreclosure action and extinguished Arizona Bright's foreclosure right; and (3) enforcement of the judgment after redemption violated due process.

**¶11** We generally review the denial of a motion under Rule 60(b) for an abuse of discretion, *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15 (App. 2010), but we review de novo whether a default judgment is void and should be vacated pursuant to Rule 60(b)(4), *BYS Inc. v. Smoudi*, 228 Ariz 573, 578, ¶ 18 (App. 2012). "[W]e note that it is a highly desirable legal objective that cases should be decided on their merits and that any doubts should be resolved in favor of the party seeking to set aside the default judgment." *Hirsch v. Hirsch, Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983).

### I. Publication Service.

**¶12** We review de novo whether service was proper, but we defer to the court's factual findings unless they are clearly erroneous. *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018). We view "the facts in the strongest light possible in favor of supporting the trial court's decision." *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 219, ¶ 10 (App. 2000) (quoting *Daou v. Harris*, 139 Ariz. 353, 360 (1984)).

¶13 Rule 60(b)(4) provides that a judgment may be set aside if it is void. *See also* Ariz. R. Civ. P. 55(c) (allowing a final default judgment to be set aside under Rule 60(b)). A judgment is "void if it was entered without jurisdiction because of a lack of proper service." *Ruffino*, 245 Ariz. at 168, ¶ 10; *see also Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980) ("Proper service of process is essential for the court to have jurisdiction over the defendant.").

¶14 McDougall argues the default judgment is void for lack of proper service because Arizona Bright failed to comply with "Rule 4(l)" by not filing a signed return service specifying the time, place, and manner of service. But "Rule 4(l)" does not exist, and the requirements McDougall cites do not apply to service by publication. The applicable provision is Rule 4.1(l) which provides that service by publication is permitted only if "the serving party, despite reasonably diligent efforts, has been unable to determine the person's current address," publication service "is the best means practicable in the circumstances for providing the person with notice," and "the motion is supported by affidavit that sets forth the serving party's reasonably diligent efforts to serve the person." Ariz. R. Civ. P. 4.1(l)(1); *see also* Ariz. R. Civ. P. 4.1(k)(3) ("A party may serve by publication only if the requirements of Rule 4.1(l) . . . are met . . .").

¶15 We discern no error in granting the request for publication service. Arizona Bright twice moved to extend the service deadline because its attempts to serve McDougall were unsuccessful. Then Arizona Bright moved for publication service and provided an affidavit outlining its various unsuccessful attempts to serve McDougall and locate his address. In its order, the court found that publication service was "the best means practicable for providing [McDougall] with notice" because Arizona Bright had "used reasonably diligent efforts" to serve McDougall and it provided an affidavit outlining its efforts.

¶16 McDougall argues Arizona Bright was required to file a valid return signed by the process server specifying the time, place, and manner of service. But he points to no legal or statutory basis for this requirement. McDougall may be referring to Rule 4.1(l)(4), titled "Return" which requires the serving party to prepare "an affidavit stating the manner and dates of the publication and mailing, the circumstances warranting service by publication," and, if the current address of the person being served is unknown, a statement to that effect. Ariz. R. Civ. P. 4.1(l)(4)(A). Additionally, the serving party must provide a copy of the publication. Ariz. R. Civ. P. 4.1(l)(4)(B). A compliant affidavit constitutes prima facie evidence of compliance with the publication service requirements. Ariz. R.

Civ. P. 4.1(l)(4)(C).  Arizona Bright complied with the Rule's requirements by providing a copy of the published notice from the newspaper, along with an affidavit detailing its various unsuccessful attempts to locate McDougall's address.

## II.    Redemption Extinguished Foreclosure Right.

**¶17**        McDougall argues because he redeemed the lien before judgment was entered, Arizona Bright's right to foreclose was extinguished and any judgment foreclosing the redeemed lien is "ultra vires and void." But if a property is redeemed after the initiation of a foreclosure action, and the redeemer has been served, the redeemer is obligated to pay the lienholder's recoverable costs and reasonable attorney fees.  A.R.S. § 42-18206; *see also Ritchie v. Salvatore Gatto Partners, L.P.*, 223 Ariz. 304, 305, ¶ 2 (App. 2010).

**¶18**        In its judgment, the court acknowledged that the Property had been redeemed and then awarded attorney fees and costs under A.R.S. §§ 12-341 and 42-18206.  McDougall has shown no error.  Accordingly, we affirm the court's granting of Arizona Bright's attorney fees and costs.

## III.    Due Process and Equity.

**¶19**        McDougall argues the entry of default judgment violated his due process rights and unjustly enriched Arizona Bright.  The court's order stated that McDougall had redeemed the Property prior to judgment and it only awarded to Arizona Bright costs and a portion of its requested attorney fees under A.R.S. § 42-18206.  McDougall has pointed to no error by the court.

## IV.    Attorney Fees and Costs on Appeal.

**¶20**        McDougall requests his taxable costs under A.R.S. §§ 12-341, -342, and ARCAP 21.  McDougall is not entitled to costs as he was not the successful party.  *See* A.R.S. §§ 12-341 and -342.

### CONCLUSION

**¶21**        We affirm.

